168 N.J. Super. 96 (1979)
401 A.2d 1099
LECROSS ASSOCIATES, A LIMITED PARTNERSHIP, PLAINTIFF-RESPONDENT,
v.
CITY PARTNERS, LAC, GERALD GUTERMAN, JERRY STEINER, CERTIFIED MANAGEMENT CORPORATION AND BOROUGH OF FORT LEE, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued April 9, 1979.
Decided May 4, 1979.
*97 Before Judges HALPERN, ARD and ANTELL.
Mr. Jonathan N. Harris argued the cause for appellant Borough of Fort Lee (Messrs. Andora, Palmisano, De Cotiis & Harris, attorneys; Mr. Anthony D. Andora, of counsel).
Mr. Jay W. Greenstone argued the cause for respondent Lecross Associates (Messrs. Greenstone & Sokol, attorneys; Mr. Joseph F. Behot, Jr. on the brief).
No briefs were filed for appellants City Partners, Lac, Gerald Guterman, Jerry Steiner and Certified Management Corporation.
PER CURIAM.
Plaintiff is the ground lessee of real property which was assessed for tax purposes at $6,878,800 by intervenor-defendant Borough of Fort Lee for the 1977 tax year. On this basis a tax liability arose in the amount of $168,530.60. By judgment dated November 15, 1977 the assessment was reduced by the Bergen County Board of Taxation to $3,564,000 and the tax liability correspondingly lowered to $87,318. On December 14, 1977 an appeal, now pending, was taken therefrom by the borough to the State Division of Tax Appeals.
The narrow question before us on the borough's appeal from an order of the Chancery Division granting plaintiff's motion for summary judgment and denying the borough's is whether the judgment of the Bergen County Board of Taxation is void for lack of jurisdiction because of plaintiff's failure to pay the borough's tax collector 90% of the taxes originally assessed against it, as required by N.J.S.A. 54:3-27. The language of that statute for the year in question read as follows:
A taxpayer who shall file an appeal from an assessment against him shall pay to the collector of the taxing district no less than 90% of the taxes assessed against him in the manner prescribed in R.S. 54:4-66 even though his petition to the Tax Appeal Board might *98 request a reduction in excess of 10% of the taxes assessed for the full year. The collector shall accept such amount, when tendered, give a receipt therefor and credit the taxpayer therewith, and the taxpayer shall have the benefit of the same rate of discount on the amount paid as he would have on the whole amount.
Prior to its amendment in 1975 the enactment in question provided only that an appealing taxpayer "may pay to the collector of the taxing district such portion of the taxes assessed against him as he would be required to pay if his appeal were sustained." Upon payment the municipality was thereafter generally barred from pursuing tax foreclosure proceedings pending disposition of the tax appeals. West Orange v. Block 107, 162 N.J. Super. 314, 316 (App. Div. 1978); General Electric Co. v. Passaic, 48 N.J. Super. 604, 606 (Ch. Div. 1958); Rice v. Newark, 136 N.J. Eq. 53, 55 (Ch. 1944). The objects of the 1975 amendment are stated in the following language taken from the Senate Revenue, Finance and Appropriations Committee Statement to Assembly Bill, No. 1276:
Assembly Bill 1276 OCR proposes to amend and supplement the property tax appeal process as concerns payment of taxes.
The existing provisions of the appeal process with regard to payment of taxes are amended to require the payment of 90 percent of taxes assessed against a taxpayer as a prereuqisite [sic] to an appeal. Current provisions (R.S. 54:3-27) provide that a taxpayer may pay the taxes he would be required to pay if his appeal were sustained. There are cases where a taxpayer with a substantial tax liability will file an appeal and pay the taxes he feels are reasonable, as represented in the appeal, and this creates a financial hardship for the tax district involved. In other cases groups of taxpayers will file appeals, especially when a revaluation has occurred, in aggregate representing a substantial tax liability, and again a financial hardship is created for the tax district. In recommending this bill, the Committee takes cognizance of both the taxpayers' and the tax districts' problem with the property tax valuation and collection process. On the taxpayers' side, it is reasonable to assume that an assessment may not be fair and payment of the full tax liability would be inequitable, and some degree of relief before the adjudication of an appeal is necessary. From the tax district viewpoint, collections are required to meet expenses, and when substantial shortfalls *99 occur, a financial hardship is created, or in anticipation of appeals reserves are high, imposing a greater tax burden on the other taxpayers in the district. Further, it does not seem entirely reasonable to make the assumption in statute that a taxpayer's appeal should be the basis for his tax liability. Therefore, the payment of 90 percent of tax assessment is felt equitable to both taxpayer and tax district.
The tax payment provision is supplemented by requiring that any overpayment made as a result of the required payment of 90 percent of property tax will be refunded within 50 days of the date of judgment of appeal, with interest at eight percent per year. Thus, a taxpayer who is successful in an appeal, having lost the use of his money in meeting the tax payment requirement will be entitled to quick refund together with a reasonable interest payment.
It is necessary, in establishing the requirement of tax payments as a prerequisite to appeal, to repeal the current provisions concerning tax payments where the appeal is at the State Division of Tax Appeals level. This provision would be surplus and of no effect given the enactment of A-1276. Therefore, Chapter 365 of the Laws of 1968 (R.S. 54:2-41.5 and R.S. 54:2-41.6) is repealed by the provisions of A-1276. Committee amendments so provide.
The borough concedes that it failed to raise the issue of plaintiff's nonpayment before the county board of taxation. Addressing ourselves, therefore, solely to the issue of whether the omission is jurisdictional in nature so as to render void the judgment of that agency, we conclude that the defect is not jurisdictional and that the reduction in assessed valuation is therefore valid.
The language of the statute and the accompanying Statement clearly disclose a legislative intent to provide a mode of relief to municipalities from the financial hardship resulting from an interruption in the flow of tax revenues. But nowhere do we discern a purpose to condition the power of the reviewing body to adjudicate upon the making of payment by the taxpayer. The statute, we note, is silent as to the time within which payment must be made. In the absence of such specificity it would seem that the tribunal's jurisdiction cannot even be questioned until the taxpayer's obligation has in some manner been crystallized by the municipality *100 through the filing of an appropriate defensive pleading, a motion to dismiss, or even by the institution of tax foreclosure proceedings. Furthermore, the irregularity before us does not involve encroachments upon time limitations or other delinquencies which, being irremediable, are jurisdictionally grounded. We therefore hold that it is obligatory upon the municipality to safeguard its protected status through one or another of the procedures referred to, and in default thereof to forego the relief which the Legislature made available.
The borough's other contention is that since it has filed an appeal with the State Division of Tax Appeals the judgment of the county board of taxation becomes "null and void" for the purpose of determining the extent of the taxpayer's tax liability. Noting that N.J.S.A. 54:3-26 provides that the judgment of a county board shall be conclusive and binding for the assessment year and two assessment years thereafter where no appeal is taken to the Division of Tax Appeals, the borough maintains that where an appeal to the State Division of Tax Appeals is taken, "the original assessment must be reinstated for tax collection purposes." We find this contention to be clearly without merit. R. 2:11-3(e) (1) (E).
Affirmed.