CRABTREE, J.T.C.
Defendant moves to dismiss the complaint in this local property tax case for plaintiff’s alleged failure to pay the first three quarters taxes in accordance with N.J.S.A. 54:3-27. Defendant also moves to reinstate the original assessment on the ground that the Essex County Board lacked jurisdiction to enter judgment reducing the assessment.
The facts essential to a disposition of the motion are undisputed.
Plaintiff filed a timely petition with the Essex County Board of Taxation seeking a reduction in the 1981 assessment imposed upon its property located at 329 Park Avenue, East Orange, New Jersey (Block 271-A, Lot 19-B). The case was scheduled for hearing on September 23, 1981, at which time defendant *640 moved to dismiss on the ground of plaintiff’s failure to pay the third quarter taxes, which in fact, were unpaid at that time. The county board heard the case, deferring decision on defendant’s motion to dismiss in order to give plaintiff a chance to pay the taxes. Those taxes were paid on November 6, 1981 and the county board on November 16, 1981 entered judgment reducing the assessment. Plaintiff filed a complaint seeking a further reduction in this court on December 30, 1981, by which time all 1981 taxes had been fully paid.
Defendant contends that the original assessment should be restored as the county board lacked jurisdiction to enter judgment reducing the assessment. Jurisdiction was wanting, defendant continues, because the county board failed to grant defendant’s timely motion to dismiss on the ground of nonpayment of taxes and, instead, deferred decision on the motion to allow plaintiff the opportunity to cure the omission.
It is the power as well as the duty of this court to determine the jurisdictional sufficiency of county board actions. N.J.S.A. 54:2-35; Veeder v. Berkeley Tp., 109 N.J.Super. 540, 264 A.2d 91 (App.Div.1970); Mayfair Holding Corp. v. North Bergen Tp., 4 N.J.Tax 39 (Tax Ct.1982); S.A.I.J. Realty, Inc. v. Upper Deerfield Tp., 5 N.J.Tax 292 (Tax Ct.1983). A determination of that jurisdictional adequacy requires an examination of the relevant statutes, regulations and judicial authorities.
N.J.S.A. 54:3-27 provides that a taxpayer who files an appeal from an assessment shall pay the first three quarters of the current year’s taxes in the manner prescribed by N.J.S.A. 54:4-66 (i.e., by the quarterly due dates of February 1, May 1 and August 1). The failure to make such payments by the time the county board petition is filed is not an absolute jurisdictional bar to maintenance of the appeal. Lecross Assoc. v. City Partners, 168 N.J.Super. 96, 401 A.2d 1099 (App.Div.), certif. den. 81 N.J. 294, 405 A.2d 837 (1979). Rather, the taxpayer’s obligation must be “crystallized by the municipality through the filing of an appropriate defensive pleading, a motion to dismiss, or even by the institution of tax foreclosure proceedings.” Id. 168 N.J.Super. at 100, 401 A.2d 1099. Implicit in the Lecross *641 holding is that where a motion to dismiss is filed, payment of taxes after such filing but before hearing on the motion will defeat the motion. Powder Mill I Assoc. v. Hamilton Tp., 190 N.J.Super. 63, 461 A.2d 1199 (App.Div.1983), rev’g 3 N.J.Tax 439 (Tax Ct.1981). Defendant made a timely motion to dismiss in this case. The county board deferred consideration of the motion to afford plaintiff the opportunity to pay the taxes, which, if seasonably done, would render the motion moot. As stated above, plaintiff availed itself of the opportunity and paid the balance of tax then due and owing on November 6, 1981. Ten days later the county board entered its judgment.
The gravamen of defendant’s argument is that, in deferring decision on defendant’s motion, the county board disregarded the regulation dealing with the subject of tax payments, N.J.A.C. 18:12A-1.6(d), which provides that “[n]o county board of taxation shall hear the appeal unless the first three quarters of the current year taxes shall have been paid.” Defendant maintains that, given its timely motion, the county board was without authority to hear the appeal, and that the deferral of judgment was improper, even though the taxes were actually paid prior to entry of judgment.
The regulation in question was promulgated under the authority of N.J.S.A. 54:3-14, which provides, pertinently:
Each board shall adopt such standardized petitions of appeal, rules, regulations, and procedures as are prescribed by the Director of the Division of Taxation, and issue such directions as may be necessary to carry into effect the provisions of this title.
Defendant’s argument places too much reliance upon the literal language of the regulation, thereby disregarding the broad purpose of the statute the regulation was designed to implement. Authority delegated to an administrative agency should be construed so as to permit the fullest accomplishment of the legislative intent; and the statutory purpose should not be frustrated by an unduly narrow interpretation. Cammarata v. Essex Cty. Park Comm’n, 26 N.J. 404, 140 A.2d 397 (1958); Hyland v. Ponzio, 159 N.J.Super. 233, 387 A.2d 1206 (App.Div. 1978). Here, the regulation, like the statute it was designed to implement, was not meant to impose a Procrustean requirement *642 that taxes be paid by a date certain, failing which county board review would be foreclosed. Rather, the regulation, as construed by the county board, was intended to require that all tax installments due and owing for the current year at the time of county board review be paid prior to the entry of judgment. This is an eminently sensible construction, as it accommodates the municipality’s fiscal needs with the property owner’s right to administrative review of his assessment. If the property owner fails to pay the first three installments of the current year’s taxes by November 15[1] the county board is without jurisdiction to enter judgment. NJ.S.A. 54:3-26. Thus, collection of the municipality’s revenues is not jeopardized by undue delay and the taxpayer is not denied review of his assessment. Acceptance of defendant’s position would exalt form over substance at the expense of substantial justice.
For the reasons hereinabove stated, defendant’s motion will be denied. Plaintiff will prepare the appropriate order and submit it under R. 4:42-l(b).

As November 15, 1981 fell on a Sunday, the last day for valid county board judgments was November 16. Poetz v. Mix, 7 N.J. 436, 81 A.2d 741 (1951). Cf. N.J.S.A. 36:1-1.