196 N.J. Super. 587 (1984)
483 A.2d 839
W.J. SCHNEIDER AND K.B. MARCUS, PLAINTIFFS-APPELLANTS,
v.
CITY OF EAST ORANGE, DEFENDANT-RESPONDENT, AND ATTORNEY GENERAL OF NEW JERSEY, INTERVENOR-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 10, 1984.
Decided November 8, 1984.
*589 Before Judges MORTON I. GREENBERG, O'BRIEN and GAYNOR.
*590 Alan R. Hammer argued the cause for appellants (Brach, Eichler, Rosenberg, Silver, Bernstein & Hammer, attorneys; Alan R. Hammer, of counsel and on the brief; Michael Pesce and Daniel Keough, on the brief).
Robert F. Giancaterino argued the cause for respondent City of East Orange (Skoloff & Wolfe, attorneys; Saul A. Wolfe, of counsel; Robert F. Giancaterino, on the brief).
Harry Haushalter, Deputy Attorney General, argued the cause for respondent Attorney General of New Jersey (Irwin I. Kimmelman, Attorney General of New Jersey, attorney; James J. Ciancia, Assistant Attorney General, of counsel; Harry Haushalter, Deputy Attorney General, on the brief).
The opinion of the court was delivered by GAYNOR, J.A.D.
This appeal from a dismissal of the complaint by the Tax Court involves the construction and constitutionality of N.J.S.A. 54:2-39, now 54:51A-1(b), with respect to the tax payment requirement on an appeal from the Essex County Board of Taxation to the Tax Court. Plaintiffs contend that the court's strict construction of this provision of the statute was inconsistent with the judicial interpretation given to N.J.S.A. 54:3-27 and violated their constitutional rights of due process and equal protection. We disagree and affirm.
Plaintiffs appealed the assessment on their office building for the 1979 tax year to the Essex County Board of Taxation, which on October 24, 1979 affirmed the assessment. On November 13, 1979 an appeal to the Tax Court was filed, at which time all of the taxes then due for that year had not been paid. Payment of the balance of taxes due was made on December 16, 1979. On defendant's motion, the complaint before the Tax Court was dismissed because of plaintiffs' failure to have paid all of the 1979 property taxes at the time of the filing of the complaint in accord with N.J.S.A. 54:2-39. The court reasoned that the statute clearly required the payment and that such *591 provision was a jurisdictional requirement for appeal proceedings before the Tax Court.
Plaintiffs argue that the plain language of N.J.S.A. 54:2-39 does not evince a clear and unequivocal intent that taxes for the year involved must be paid as of the date of the appeal from the county tax board to the Tax Court. They contend that the statute must be read consistently with N.J.S.A. 54:3-27, assertedly containing payment language virtually identical to that of the challenged statute, which has been judicially interpreted as not constituting a jurisdictional requirement to a proceeding before a county board or a direct appeal to the Tax Court. It is further suggested that different jurisdictional construction of these two statutes is not supported by legislative intent, inasmuch as the purpose of the tax payment requirement in both statutes was to prevent financial hardship to the municipality resulting from an interruption in the flow of tax revenues. Plaintiffs further assert that the challenged construction violates their equal protection and due process rights.
The defendant municipality contends that the language of N.J.S.A. 54:2-39 evidences an intent to condition the power of the Tax Court to act upon a complaint filed from a county board judgment on the timely payment of taxes, whereas no such intention is evident from the language of N.J.S.A. 54:3-27. Also, it asserts that plaintiffs' equal protection challenge must be rejected because of their lack of standing and the inadequate presentation of this issue to the Tax Court, and because of the waiver resulting from their voluntary election to proceed in accordance with N.J.S.A. 54:2-39 rather than appealing to the Tax Court directly from the assessment. Additionally, the municipality disputes that the tax payment requirement of the subject statute invidiously discriminates against taxpayers or is violative of plaintiffs' constitutional rights.
The Attorney General joins the municipality in asserting the constitutional validity of the statute and argues that its payment requirement is consistent with equal protection and due *592 process standards and is not within the scope of the tax clause of the New Jersey Constitution.
At the time of the filing of the tax court complaint, N.J.S.A. 54:2-39 provided in pertinent part:
Any party who is dissatisfied with the judgment of the county board of taxation upon his appeal may seek review of that judgment in the Tax Court by filing a complaint with the Tax Court, pursuant to rules of court within 45 days of the service of the judgment of the county board, and the Tax Court shall hear and determine all such matters and render its judgment thereon.
At the time that a complaint has been filed with the Tax Court, all taxes or any installments thereof then due and payable for the year for which review is sought must have been paid. No interest shall be due and payable by the appellant for the period from November 1 of the current tax year to the date of filing the complaint.[1]
The plain language of this statute unambiguously indicates that all taxes due and payable for the year involved in the appeal must have been paid at the time of the filing of the complaint. See Powder Mill I Assoc. v. Hamilton Tp., 3 N.J. Tax 439, 445 (Tax Ct. 1981), rev. and remanded on other grounds, 190 N.J. Super. 63 (App.Div. 1983). Where statutory language is plain, unambiguous and uncontrolled by another part of the act or other legislation, a court may not give it a different meaning. Spiewak v. Rutherford Bd. of Ed., 90 N.J. 63, 74 (1982). The mandatory nature of the prepayment provision is supported by the accepted rule that in a proceeding addressed to the statutory jurisdiction of the tribunal compliance with all applicable statutory requirements is necessary for the exercise of that jurisdiction. See General Trading Co. v. Taxation Div. Director, 83 N.J. 122, 127 (1980). That this was the intent of the Legislature is evident from the following portion of the statement of the Senate Revenue, Finance and *593 Appropriations Committee pertaining to the 1977 amendment adding the second paragraph of N.J.S.A. 54:2-39 fixing the obligation to pay taxes pending appeal (L. 1977, c. 357, § 2, effective January 31, 1978):
An appellant dissatisfied with the judgment of the county board of taxation may appeal that judgment to the Division of Tax Appeals. There is no direction in current law regarding tax payments. This bill would require that at the time a petition of appeal has been filed with the Division of Tax Appeals all taxes for the current year must have been paid. Appeals filed with the Division of Tax Appeals are generally after the November 1 quarterly tax installment is due and payable. Thus, this provision requires an appellant to be current in his tax payments notwithstanding the appeal. This imposes no burden of prepayment of taxes on the appellant, and does not put the burden of an appellant's unpaid property taxes on the other taxpayers in a taxing district  a burden reflected in the reserve for uncollected taxes, and thus in the tax rate. (Statement to Assembly, No. 2147, Dated: July 11, 1977.)
We thus conclude that this provision of the statute was intended to, and by its plain and unambiguous terms does, establish the prepayment of taxes then due as a jurisdictional prerequisite of an appeal to the Tax Court from a county board judgment.
Such construction of the statute is not inconsistent with the interpretation given to N.J.S.A. 54:3-27, the pertinent portion of which is as follows:
A taxpayer who shall file an appeal from an assessment against him shall pay to the collector of the taxing district no less than the first three quarters of the taxes assessed against him for the current tax year in the manner prescribed in R.S. 54:4-66 even though his petition to the county board of taxation might request a reduction in excess of one quarter of the taxes assessed for the full year. The collector shall accept such amount, when tendered, give a receipt therefor and credit the taxpayer therewith, and the taxpayer shall have the benefit of the same rate of discount on the amount paid as he would have on the whole amount.
This statute applies to direct appeals to the Tax Court, Powder Mill I Assoc., supra, 190 N.J. Super. at 69, and to appeals to the county board. See Lecross Associates v. City Partners, 168 N.J. Super. 96 (App.Div. 1979), certif. den. 81 N.J. 294 (1979). As noted in Lecross, the statute being silent as to the time when the payment of taxes must be made, the payment requirement is not jurisdictional and "the tribunal's jurisdiction cannot *594 even be questioned until the taxpayer's obligation has in some manner been crystallized by the municipality through the filing of an appropriate defensive pleading, a motion to dismiss, or even by the institution of tax foreclosure proceedings." Id. at 99-100. The payment language of this statute is not virtually identical with that of N.J.S.A. 54:2-39, as it does not expressly mandate that all taxes due for the year involved be paid when the complaint is filed. This difference in the payment requirements of these statutes warrants the varying jurisdictional construction of their provisions. There is thus no interpretive inconsistency as urged by plaintiffs.
Assuming plaintiffs have standing and have not waived their right to raise the constitutional issues, we consider those challenges likewise to be without merit. The strict jurisdictional construction of N.J.S.A. 54:2-39 does not result in an infringement of plaintiffs equal protection or due process guarantees. Equal protection does not require that all persons must be treated identically, but rather that "similar people will be dealt with in a similar manner and that people of different circumstances will not be treated as if they were the same." Levine v. Institutions & Agencies Dept. of N.J., 84 N.J. 234, 256 (1980) (citation omitted). And, unless legislation creates an inherently suspect classification, a legislative classification will be presumed valid, even if it has the effect of treating some differently from others, so long as it bears some rational relationship to a permissible state interest. See Parham v. Hughes, 441 U.S. 347, 351, 99 S.Ct. 1742, 1745, 60 L.Ed.2d 269, 274 (1979). It must be noted that in classifying subjects for different treatment in the field of taxation, a Legislature possesses the greatest freedom in classification. Madden v. Kentucky, 309 U.S. 83, 88, 60 S.Ct. 406, 408, 84 L.Ed. 590, 593 (1940); McKenney v. Byrne, 82 N.J. 304, 315 (1980). Thus, in the present case, it was within the Legislature's broad range of discretion to prescribe different jurisdictional requirements for access to the Tax Court by taxpayers who were appealing from a county board decision and those filing initial assessment *595 appeals. Such a distinction has a rational basis in that the former, as contrasted with the latter class, has had the benefit of a hearing as to the correctness of the subject assessments and a determination has been made by a quasi-judicial body establishing the amount of taxes due and payable. As indicated in the legislative history, appeals from the county board generally are filed after the November 1 quarterly tax installment is due and the deferment of this payment during any portion of the appeal period would impose a burden upon the municipality and its taxpayers. This situation does not arise with initial appeals to the Tax Court or the county board as they must be filed by August 15, N.J.S.A. 54:3-21, with judgments of the county board rendered no later than November 15. N.J.S.A. 54:3-26. These different time sequences, and the relationship of each of the procedures to the time when tax payments are due, afford reasonable support for the difference in the payment requirements applicable to an initial complaint to the Tax Court or a county board and an appeal from a county board to the Tax Court. Accordingly, equal protection is not offended by a strict construction of N.J.S.A. 54:2-39.
Additionally, plaintiffs' right of due process has not been violated by such an interpretation of the statute. The critical components of due process are adequate notice, opportunity for a fair hearing and availability of appropriate review. In re Suspension of Heller, 73 N.J. 292, 310 (1977). The statutory procedures available to plaintiffs for the review of their assessments meets these requirements. N.J.S.A. 54:3-21, et seq. Plaintiffs' opportunity for appropriate review of the county board determination is not impaired by the added procedural limitation that taxes then due be paid before the jurisdiction of the Tax Court can be invoked. The interest of the municipality in receiving timely payment of taxes is clearly significant and outweighs any incidental burden imposed upon plaintiffs, and other taxpayers similarly situated, by this jurisdictional requirement. See Mathews v. Eldridge, 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18, 33 (1976). It is well *596 settled that a taxpayer may be required to pay the taxes then due as a condition to litigating the amount due. General Trading Co. v. Taxation Div. Director, 83 N.J. 122, 129 (1980); N.Y., Susquehanna & W.R.R. v. Vermeulen, 44 N.J. 491, 501, 502 (1965). Plaintiffs' contention that they justifiably relied upon the Lecross decision and the nonexistence, at the time of the filing of the appeal with the Tax Court, of any authority, indicating that N.J.S.A. 54:2-39 imposed a jurisdictional requirement is misplaced in view of the clear language of the statute and the reliance in Lecross on the absence of any provision in N.J.S.A. 54:3-27 as to the time within which the payment of taxes must be made.
We conclude that the Tax Court lacked jurisdiction to hear plaintiffs' appeal from the county tax board because all taxes then due and payable by plaintiffs were not paid at the time of the filing of the complaint.
Affirmed.
NOTES
[1] N.J.S.A. 54:2-39 was repealed by L. 1983, c. 45, effective January 28, 1983. In its place, the Legislature enacted N.J.S.A. 54:51A-1, which replaced the second paragraph of N.J.S.A. 54:2-39 with N.J.S.A. 54:51A-1(b), which provides:

At the time that a complaint has been filed with the Tax Court seeking review of judgment of county tax boards, all taxes or any installments thereof then due and payable for the year for which review is sought must have been paid.