RIMM, J.T.C.
This is a local property tax matter in which defendant municipality moves for summary judgment on the ground that the taxpayer has not paid taxes. Defendant relies on N.J.S.A. 54:3-27 which provides as follows:
*436 A taxpayer who shall file an appeal from an assessment against him shall pay to the collector of the taxing district no less than the first three quarters of the taxes assessed against him for the current year in the manner prescribed.
On August 7,1990, plaintiff filed a direct appeal with the Tax Court under N.J.S.A. 54:3-21. A copy of the complaint was served on the defendant as provided by the Rules of Court. The subject property is designated as Block 69, Lot 36.08 on the tax map of defendant township. The assessment for the tax year 1990 was as follows:
Land $ 600,000
Improvements 698,000
Total $1,298,000.
As of August 7, 1990, the date of the filing of the complaint, no property taxes for the subject property had been paid to the township for the tax year 1990. A partial payment was received on March 15, 1991 in the amount of $7,773.37. On August 20, 1991, tax sale certificate no. 91-12 relating to the subject property was sold to Linden Investment Co. for $19,-640.07, the amount of delinquent taxes, interest, and tax sale costs attributable to the property for the third and fourth quarters of the 1990 tax year.
It is incontestable that local property taxes then due and payable for the year under appeal must be paid before the taxpayer has the right to litigate a claim that his local property tax assessment should be reduced. Schneider v. City of East Orange, 196 N.J.Super. 587, 483 A.2d 839 (App.Div.1984), aff'd 103 N.J. 115, 510 A.2d 1118 (1986), cert. den. 479 U.S. 824, 107 S.Ct. 97, 93 L.Ed.2d 48 (1987); N.Y. Susquehana and W.R.R. v. Vermeulen, 44 N.J. 491, 501-502, 210 A.2d 214 (1965); Powder Mill I Assoc. v. Hamilton Tp., 190 N.J.Super. 63, 461 A.2d 1199 (App.Div.1983); Lecross Associates v. City Partners, 168 N.J.Super. 96, 99-100, 401 A.2d 1099 (App.Div.1979).
On appeal to a county board of taxation, the nonpayment of taxes is a defense to the appeal to be asserted by motion. If the taxes are not paid by the return day of the *437 motion, the appeal is dismissed. If the defense of non-payment of taxes is not raised at the county board of taxation, then, upon appeal to the Tax Court, the taxes must be paid by the time that the complaint is filed with the court. If the taxes are not paid by the time of the filing of the complaint, the complaint is dismissed on the municipality’s motion. On a direct appeal to the Tax Court, the same procedure applies as applies to an appeal to the county board. The defense of non-payment of taxes is presented to the court by motion, and, if the taxes are not paid by the return day of the motion, the complaint is dismissed. In the case presently before the court, the motion was filed with the court on September 6, 1991 and was returnable on October 4, 1991.
In its brief in support of its motion, defendant states that the taxes were not paid when the complaint was filed; that plaintiff has failed to pay the taxes for the third and fourth quarters of the 1990 tax year; and that the township was required to resort to a tax sale which resulted in the sale of tax certificate no. 91-12, covering the subject property, to a third party.
In opposition to the motion, plaintiff argues that the municipality’s receipt from a third party of the amount of outstanding taxes on a property for the tax year under appeal satisfies the payment requirements of N.J.S.A. 54:3-27. Plaintiff concedes that what it calls the “pay now—litigate later” principle has withstood many challenges, because the interests of the taxing authority in receiving timely payment of taxes outweighs the burden imposed upon a taxpayer of placing upon the right of appeal a jurisdictional requirement of tax payment. Schneider v. City of East Orange, supra, 196 N.J.Super. at 593, 483 A.2d 839. Plaintiff contends, however, that the purpose for requiring the payment of taxes is to foster the payment of tax revenues to the municipalities by preventing the taxpayer from withholding tax payments while challenging the validity of the assessment. The purpose, plaintiff argues, is not to penalize the taxpayer, but rather, to aid the municipality in the collection of local property taxes. Since the municipality has received its tax revenues attributable to the subject property for the tax *438 year before the court, it is pointless to dismiss the complaint for non-payment of taxes.
Plaintiff claims that a municipality safeguards its tax revenues, when an assessment is challenged, by acting to effect the collection of the taxes, or, upon the non-payment of the taxes, by insisting on the dismissal of a petition pending in the county board of taxation or of a complaint pending in the Tax Court, as the case may be. Plaintiff also asserts, that a municipality may effect the collection of tax revenues by the sale of the property for unpaid taxes. In this case, the municipality chose the tax sale alternative, and it has received the total amount of tax revenues due it for the subject property for the tax year 1990. Accordingly, plaintiff argues, since the municipality has received its tax revenues, the appeal should not be dismissed.
Defendant challenges plaintiff’s position on two grounds. First, it argues that N.J.S.A. 54:3-27 provides that the “taxpayer ... shall pay” the taxes referred to in the statute. Emphasis supplied. Since the “taxpayer” did not pay the taxes, the provisions of the applicable statute have not been met, and the complaint must be dismissed. Secondly, defendant contends that the “taxes” have not been paid even though a tax sale certificate covering the subject property has been sold. In making this argument, defendant relies on N.J.S.A. 54:5-42 which provides:
When a sale is made in the enforcement of a municipal lien, the lien shall pass, with the title, to the purchaser, and if the sale shall be set aside for defect in the proceedings to sell, the lien shall be thereby continued.
All that has happened, defendant asserts, is that the lien for unpaid taxes has been assigned to the purchaser of the tax sale certificate. Newark v. Ladato, 139 N.J.Eq. 471, 51 A.2d 895 (Ch. 1947). In this regard, defendant contends that, if the sale were set aside as a result of any defect in the proceedings, the lien would revert to the township.
Defendant further challenges plaintiff’s arguments by saying that they ignore the time, expense and disruption of a municipality’s fiscal affairs occasioned not only by the tax sale, but also by the alternate provisions which the municipality is re *439 quired to make to satisfy its obligations to the county and to school districts as a result of tax delinquencies.
Plaintiff, in turn, finally argues that, if it had paid the 1990 taxes in full before the return date of the motion, together with interest and the expenses of the tax sale, the municipality would then pay that money to the third party who held the tax lien certificate. The position of the municipality would not change in any way, because the municipality received its tax revenues at the time that the third party purchased the lien.
Much of Title 54, Taxation is to be strictly enforced. Examples of strict enforcement are the insistence that filing deadlines be strictly adhered to, Diament v. Bor. of Ft. Lee, 3 N.J. Tax 70, 84 (Tax Ct.1981); that taxes be paid as a jurisdictional requirement for the hearing of a tax appeal; and that exemptions be strictly construed against the taxpayer seeking to benefit from them, Princeton Univ. Press v. Princeton, 35 N.J. 209, 214, 172 A.2d 420 (1961). Title 54, however, like any other statutory provision, is to be construed in a meaningful and realistic manner with a view to carrying out the legislative intent. It is, for example, accepted that a statute may be misinterpreted if its words are given their literal meaning. “[Sjtatutes are to be read sensibly rather than literally and the controlling legislative intent is to be presumed as ‘consonant to reason and good discretion.’ ” Schierstead v. Brigantine, 29 N.J. 220, 230, 148 A.2d 591 (1959).
Our Supreme Court also said in Valerius v. Newark, 84 N.J. 591, 423 A.2d 988 (1980), when it concluded that its interpretation of the statute involved in that matter was not found in a literal reading of the statute, “in some instances, there is no surer way to misread a document than to read it literally.” Id. at 598, 423 A.2d 988. In Guiseppi v. Walling, 144 F.2d 608 (2 Cir.1944), aff’d sub nom. Gemsco, Inc. v. Walling, 324 U.S. 244, 65 S.Ct. 605, 89 L.Ed. 921 (1945), dealing with the interpretation of the Fair Labor Standards Act of 1938, §§ 6(a)(5) and 8(f), 29 U.S.C.A. §§ 206(a)(5) and 208(f), in his concurring opinion Judge Learned Hand said:
*440 There is no surer way to misread any document than to read it literally; in every interpretation we must pass between Scylla and Charybdis; and I certainly do not wish to add to the barrels of ink that have been spent in logging the route. As nearly as we can, we must put ourselves in the place of those who uttered the words, and try to divine how they would have dealt with the unforeseen situation; and, although their words are by far the most decisive evidence of what they would have done, they are by no means final. [144 F.2d at 624]
Accordingly, defendant’s first argument must be determined adversely to it. The legislative history indicates that N.J.S.A. 54:3-27 was enacted to relieve the potential hardship on a taxing district if the filing of tax appeals were permitted to interrupt the flow of tax revenues. Lecross Associates v. City Partners, supra, 168 N.J.Super. at 98-99, 401 A.2d 1099, citing Senate Revenue, Finance and Appropriations Committee statement to Assembly Bill 1276 (1975), L. 1975, c. 361. The receipt of tax revenues by a municipality upon the sale of a tax sale certificate to a third party satisfies the purpose of N.J.S.A. 54:3-27 by providing tax revenues to the municipality without regard to the pendency of a tax appeal. The actual wording of N.J.S.A. 54:3-27 may be misleading if it is interpreted to have any other purpose than to ensure that tax revenues are not interrupted by the filing of tax appeals.
It is also clear that local property taxes are not assessed against a property owner, and a property owner has no personal liability for such taxes. City of Newark v. Central & Lafayette Realty Co., Inc., 150 N.J.Super. 18, 374 A.2d 504 (App.Div.1977), certif. den. 75 N.J. 528, 384 A.2d 508 (1977). Local property taxes are assessed against property, and, if unpaid, they become a lien against the property. Their collection, in the event of the default in their payment by the property owner is enforced by the sale of the tax lien. Nevertheless, N.J.S.A. 54:3-27 says “a taxpayer who shall file an appeal from an assessment against him shall pay to the collector ... the taxes assessed against him____” Emphasis supplied. In fact, in speaking of the taxpayer, there is no “assessment against him” and there are no “taxes assessed against him.” Taxes are assessed against the property, and *441 they become a lien on the property, not a liability of the taxpayer. Since unpaid taxes are a lien against the property and not the personal obligation of the property owner, N.J.S.A. 54:3-27 must mean that the tax revenues due to a municipality may be paid by anyone. Once the tax revenues are received by a municipality in the timely manner prescribed by the statutory requirements as interpreted by the case law, a local property tax appeal may be prosecuted against the municipality. Cf., e.g., Village Supermarkets, Inc. v. West Orange Tp., 106 N.J. 628, 525 A.2d 323 (1987) (A tenant may be a taxpayer for purposes of prosecuting a local property tax appeal.).
Defendant’s second argument relating to N.J.S.A. 54:5-42 is also disposed of adversely to defendant. When questioned concerning this point during oral argument, defendant’s counsel first argued that the “taxes” have not been paid because the “lien” of the taxes remains in existence and is merely transferred or assigned to a third party. Since the lien remains extant, so the argument goes, the taxes have not been paid; the statutory requirement that taxes be paid has not been met; and the complaint must be dismissed. The answer to this argument is that the municipality has, in fact, received its tax revenues from the assessment placed on the subject property, and N.J.S.A. 54:3-27 does not refer in any way to the lien of the taxes. Indeed, “[t]he underlying purpose of the statutes authorizing municipalities to sell lands for taxes is to enable the municipality to obtain the payment of its taxes without going into the real estate business.” Fidelity Union Trust Co. v. Newark, 11 N.J.Super. 205, 208, 77 A.2d 820 (Law Div.1950); emphasis supplied. As our Supreme Court recently said, “[t]he primary purpose of the [Tax Sale] Law is not to divest owners of their property, but to provide a method for collecting taxes.” Sonderman v. Remington Const. Co., 127 N.J. 96, 109, 603 A.2d 1 (1992).
Secondly, counsel pointed out that N.J.S.A. 54:5-42 provides that, “if the sale shall be set aside for defect in the proceedings to sell, the lien shall be thereby continued.” Counsel then *442 expressed concern about the position of the municipality if the sale is set aside: it may be deprived of its tax revenues, perhaps even after the tax appeal has been heard. However, N.J.S.A. 54:5-43 provides that “no sale shall be set aside, except on condition that the amount due shall be paid to the municipality for the use of the holder of the certificate of sale by the person applying to set it aside.” Cf. Tontodonati v. City of Paterson, 229 N.J.Super. 475, 551 A.2d 1046 (App.Div.1989) certif. den. 117 N.J. 35, 563 A.2d 808 (1989) (Refund ordered when the municipality twice received the taxes to which it was entitled); Pioneer Gun Club v. Bass River Tp., 61 N.J.Super. 104, 160 A.2d 183 (Ch. Div.1960) (Refund ordered when the lands were not assessable because they were owned by the United States, and the tax sale was void).
In this case, the complaint was filed on August 7, 1990. At that time, the municipality knew that none of the taxes for 1990 had been paid. Yet, the municipality took no action to dismiss the complaint for non-payment of taxes as it could have by filing a motion on due notice under the Rules of Court. The taxes would then have had to be paid by the return day of the motion or the complaint could have been dismissed. Instead, the municipality accepted part payment of the taxes on March 15, 1991, and on August 20, 1991, sold the subject property for the balance of the taxes unpaid for 1990. Then on September 6, 1991, over a year after the complaint was filed, and after the tax revenues for 1990 from the subject property had been received by the municipality, it filed the present motion to dismiss the complaint.
If the municipality chose to effect collection of its tax revenues by the sale of the subject property for unpaid taxes, as it had every right to do, the municipal fisc has been protected. The municipality may not now be heard to claim that the complaint should be dismissed and the taxpayer deprived of its day in court. Any payment made now by plaintiff would not add one dollar to municipal revenues. It is the protection of these revenues which is sought by the “pay now—litigate later” principle of local property taxation litigation. Additionally, the *443 time and expense of a tax sale and the alternative provisions required to be made by the municipality to satisfy certain obligations would be present, in any event, if a motion to dismiss the complaint had been made and the taxes were not paid.
Administrative problems are also not a consideration. If a change in the assessment occurs one way or another as a result of this litigation, I can enter an appropriate order relating to the tax dollars which would protect the rights of all interested parties.
The motion for summary judgment is denied. The matter will proceed to trial. Counsel for plaintiff will submit an appropriate order.