RIMM, J.T.C.
This is a local property tax matter in which the municipality seeks to dismiss the complaint on the ground that real estate taxes have not been paid in accordance with N.J.S.A. 54:3-27.
*16 The subject property is located at 1828 Route 88 and is known as Block 867, Lot 8. For the tax year 1992, the property was assessed as follows:
Land $ 93,200
Improvements 1,081,900
Total $1,175,100.
The taxpayer was dissatisfied with the assessment and filed a direct appeal with the Tax Court on March 26, 1992. Defendant then moved to dismiss the complaint for nonpayment of real estate taxes.
The undisputed facts are that, at the time of the making of the motion, there were unpaid taxes on the subject property in the amount of $3,993.14 for the first-quarter 1992 taxes, exclusive of interest, and the sum of $15,972.53 for unpaid taxes for the tax year 1991, exclusive of interest. Plaintiff tendered the unpaid taxes for the first-quarter 1992 before the return day of the motion, but the municipality refused to accept those taxes claiming that all unpaid taxes had to be paid. Accordingly, in the absence of the payment of all unpaid taxes, defendant municipality claims that plaintiffs complaint must be dismissed. Plaintiff argues that the only taxes which it has to pay in order to avoid a dismissal of its complaint are the taxes for the first-quarter 1992.
The first statute applicable to this matter reads, in pertinent part, as follows:
A taxpayer feeling aggrieved by the assessed valuation of his property ..., may on or before April 1 appeal to the county board of taxation by filing with it a petition of appeal; provided, however, that any such taxpayer ... may on or before April 1 file a complaint directly with the tax court, if the assessed valuation of the property subject to the appeal exceeds $750,000.
[N./.SA 54:3-21]
The second statutory provision applicable to this matter provides, in pertinent part, as follows:
A taxpayer who shall file an appeal from an assessment against him shall pay to the collector of the taxing district no less than the total of all taxes and municipal charges due, up to and including the first quarter of the taxes and municipal charges assessed against him for the current tax year in the manner prescribed in R.S. 54:4-66.
*17 [N.J.S.A. 54:3-27],
This latter statutory provision, before its amendment by L. 1991 c. 75, read, in pertinent part, as follows:
A taxpayer who shall file an appeal from an assessment against him shall pay the collector of the taxing district no less than the first three quarters of the taxes assessed against him for the current year in the manner prescribed in R.S. 54:4-66....
[N.J.S.A. 54:3-27, prior to its amendment by L. 1991 c. 75]
Prior to its amendment, N.J.S.A. 54:3-27 was interpreted to mean that, on a direct appeal to the Tax Court, the first three quarters of taxes due for the year under appeal were payable by the return day of a motion to dismiss for nonpayment of taxes, the nonpayment of taxes being a matter of defense to be raised by the municipality. Powder Mill I Associates v. Hamilton Tp., 190 N.J.Super. 63, 461 A.2d 1199 (App.Div.1983). Therefore, the issue in the present case is whether the statute as amended requires the payment of all unpaid taxes then due and payable, including taxes for years prior to the year for which review is sought, when a municipality raises the defense of nonpayment of taxes by motion.
While there are no reported cases specifically on point with regard to the issue of prior year taxes, in Verden Realty Management Co. v. East Orange, 5 N.J.Tax 637 (Tax 1983), the court said that, “N.J.S.A. 54:3-27 provides that a taxpayer who files an appeal from an assessment shall pay the first three quarters of the current year’s taxes____” Id. at 640. Coupled with the actual language of the statute as it then existed, Verden makes it clear that the statute, before its amendment by L. 1991, c. 75, required only that the taxes for the first three quarters of the year under appeal be paid. See Stewart v. Hamilton Tp., 7 N.J.Tax 368 (Tax 1985).
Plaintiff argues that the amendment does not change the year for which taxes must be paid in order to maintain an appeal but merely requires that the first quarter of the taxes for the year under appeal be paid. Counsel for plaintiff argues that the “amendment, although it might be a little inartfully done, the intent of that was to require that all taxes and other municipal charges for the first quarter of the year in question be paid *18 current to maintain the appeal.” Counsel further argues that “our view of what is meant by the word ‘all’ is really modifying all taxes and municipal charges which would include, in our view, interest, penalties and other such charges.” Finally, counsel argues that “whether or not taxes have been unpaid for prior years is not relevant to the issue of whether the property is properly assessed for the year under review.”
In summary, plaintiff argues that the amendment changed the requirement that the first three quarters of taxes be paid to a requirement that only the first-quarter taxes be paid but added the additional requirement that interest and penalties and other such charges be paid.[1] The argument is that the words “the total of all taxes and municipal charges due, up to and including” have no meaning other than to modify the words “the first quarter of the taxes and municipal charges assessed against him for the current tax year,” and that all these words taken together mean only taxes and municipal charges for the first quarter of the year under appeal.
Plaintiffs interpretation of the amendment would render it meaningless with regard to taxes. The plain language of the amendment indicates that all taxes up to and including the first quarter of the taxes assessed for the current year are to be paid in order that the taxpayer may maintain an appeal from his assessment. The language is plain and unambiguous; and “where statutory language is plain, unambiguous and uncontrolled by another part of the act or other legislation, a court may not give it a different meaning.” Schneider v. City of East Orange, 196 N.J.Super. 587, 592, 483 A.2d 839 (App.Div.1984), aff'd o.b., 103 N.J. 115, 510 A.2d 1118 (1986), cert. denied, 479 U.S. 824, 107 S.Ct. 97, 93 L.Ed.2d 48 (1986); Spiewak v. Rutherford Board of Education, 90 N.J. 63, 74, 447 A.2d 140 (1982). Plaintiff would have me read out of the amendment to the statute the words “the total *19 of all taxes and municipal charges due, up to and including.” This I cannot do. If only the first-quarter taxes and municipal charges were due, the words “all” and “up to and including” would be meaningless. Yet, as our Supreme Court has said in Gabin v. Skyline Cabana Club, 54 N.J. 550, 258 A.2d 6 (1969), “it is a cardinal rule of statutory construction that full effect should be given, if possible, to every word of the statute. We cannot assume that the legislature used meaningless language.” Id. at 555, 258 A.2d 6.
Plaintiff argues legislative intent. It argues, as indicated, that the intent of the amendment was to refer to only the first-quarter taxes for the year under appeal. The answer to this argument is that “[w]hen a statute is clear on its face, a court need not look beyond the statutory terms to determine the legislative intent.” State v. Churchdale Leasing, Inc., 115 N.J. 83, 101, 557 A.2d 277 (1989). See also Dept. of Law & Public Safety v. Bigham, 119 N.J. 646, 650-51, 575 A.2d 868 (1990); State v. Butler, 89 N.J. 220, 226, 445 A.2d 399 (1982); In re Jamesburg High School Closing, 83 N.J. 540, 547, 416 A.2d 896 (1980).
In Fedders Financial Corp. v. Taxation Div. Dir., 96 N.J. 376, 476 A.2d 741 (1984), our Supreme Court discussed certain relevant principles of statutory construction. It noted that a court should follow the clear import of unambiguous statutory language. Id. at 384-85, 476 A.2d 741. The Court then reviewed a number of New Jersey cases involving taxing statutes which concluded that, absent some ambiguity, a literal reading of a taxing statute is required. Id. at 386-88, 476 A.2d 741.
A court’s function is to “enforce the legislative will as expressed by the clear language of the statute, not to presume the Legislature intended something other than what is expressed by its plain language.” In re Howell Twp., Monmouth County, 254 N.J.Super. 411, 419, 603 A.2d 959 (App.Div.), certif. denied, 127 N.J. 548, 606 A.2d 362 (1991). “ ‘Construing' or ‘interpreting’ a clear and unambiguous statute is simply not permissible.” Mac *20 Millan v. Taxation Div. Director, 180 N.J.Super. 175, 177, 434 A.2d 620 (App.Div.1981), aff'd o.b. per curiam, 89 N.J. 216, 445 A.2d 397 (1982). In the present case, the language of N.J.S.A. 54:3-27 is clear and unambiguous on its face, and thus, the plain language of the statute dictates the result. Consequently, it is unnecessary for me to look to other sources for legislative intent. United Jersey Bank v. Dir., Div. of Taxation, 12 N.J.Tax 516, 523-24 (Tax 1992).
Putting aside the plain language of the statute, however, there is nothing in the legislative history of the amendment which would indicate the legislative intent was as plaintiff argues. A review of the legislative history available for L. 1991, c. 75 reveals no direct mention of the change in N.J.S.A 54:3-27 dealing with the payment of taxes. The only mention is that “technical changes are made to the statutes dealing with municipal budget and tax collection due dates____” First Reprint of Committee Statement to the New Jersey Assembly, February 25,1991. This language may, however, be realistically interpreted to mean that, given the Legislature’s concern with municipal budgets and tax collections, the Legislature intended exactly what it said, that is, that all taxes due on a property shall be paid before an appeal may be heard.
A municipality’s revenues depend on local property taxes, and the legislative history of L. 1991, c. 75 refers to the “increasingly strained fiscal conditions” of local municipalities. Ibid. Therefore, to argue that the legislative intent in enacting the 1991 amendment to N.J.S.A. 54:3-27 was to reduce the total amount of taxes that must be paid to maintain a tax appeal from three quarters of the taxes to merely the first quarter of the current year’s taxes, in order to conform to the new filing deadline, without adding the requirement that back taxes be paid, strains credulity.
The acceptance of such an argument could deprive a municipality of substantial tax revenues while an appeal is pending. N.J.S.A. 40A:4-40 emphasizes the legislative concern for fiscal responsibility in the face of unpaid taxes. This statutory provision *21 requires a municipality to set aside a “reserve for uncollected taxes” in its budget and to cover the anticipated shortfall in the collection of the subsequent year’s taxes. Since municipalities must include this reserve in their yearly budgets, they must artificially inflate their fiscal needs and increase tax rates.
I therefore conclude that the Legislature intended by the 1991 amendment to N.J.SA 54:3-27, not only to change the tax payment requirement for the current year to conform to the new filing deadline of April 1 but also to require the payment of back taxes by taxpayers who wish to maintain local property tax appeals to aid municipalities in the collection of such back taxes. In this regard, plaintiffs argument that unpaid taxes for prior years are not relevant to the propriety of the assessment for the year under review is a sham. Unpaid taxes for the year under review, or for any part of that year, are also not relevant to the propriety of the assessment under review. The nonpayment of taxes has no relationship to the correct amount of a local property assessment and is itself irrelevant to the determination of the assessment. The payment of taxes is made a requirement for the filing of a tax appeal not because the payment or nonpayment of taxes has a bearing on the amount of the assessment but to insure that the flow of municipal revenues will not be interrupted by the filing of tax appeals.
On at least two occasions our courts have dealt with the payment requirements of N.J.S.A 54:3-27. See Schneider v. City of East Orange, supra and LeCross Associates v. City Partners, 168 N.J.Super. 96, 401 A.2d 1099 (App.Div.1979). In dealing with the issue of whether a judgment of a county board of taxation was void for lack of jurisdiction because of the taxpayer’s failure to pay the taxes required by N.J.S.A 54:3-27, the court in LeCross Associates v. City Partners, supra, also dealt with the nature of the requirement to pay taxes imposed on a taxpayer by the statute. After reviewing the 1975 amendment to the statute which changed the tax payment requirement from the payment of “such portion of the taxes assessed against [the taxpayer] as he would be *22 required to pay if his appeal were sustained” to a requirement that the taxpayer had to pay 90% of the taxes assessed against the property, the court reviewed the Senate Revenue, Finance and Appropriations Committee statement to Assembly Bill, 1276 (1975) which dealt with the amendment. The court said, “[t]he language of the statute and the accompanying Statement clearly disclose the legislative intent to provide a mode of relief to the municipalities from the financial hardship resulting from an interruption in the flow of tax revenues.” Id. at 99, 401 A.2d 1099.
There is nothing to indicate that the legislative intent, with regard to the payment of taxes, was any different in 1991 when the present amendment to N.J.S.A 54:3-27 was adopted from the legislative intent when the 1975 amendment to the statute was adopted. If anything, the present day strains on the municipal fisc justify the conclusion that the Legislature intended to provide to municipalities another tool for effecting the collection of delinquent taxes.
Schneider v. City of East Orange, supra, dealt with the time for payment of taxes on an appeal to the Tax Court from a judgment of a county board of taxation. It is therefore distinguishable from the case presently before the court, but the discussion of the burden of unpaid taxes is relevant to the dispute presently before the court. That case dealt with the provisions of N.J.S. A 54:2-39, now N.J.S.A 54:51A-l(b). The court referred to the statement of the Senate Revenue, Finance and Appropriations Committee relating to the 1977 amendment to N.J.S.A 54:2-39 which added the second paragraph to the statute and fixed the obligation to pay taxes pending appeal. The legislative intent, as expressed in the statement, was to avoid putting the burden of an appealing taxpayer’s unpaid property taxes on the other taxpayers in a taxing district, “a burden reflected in the reserve for uncollected taxes, and thus in the tax rate.” 196 N.J.Super. at 593, 483 A.2d 839. The court itself said, “[t]he interest of the municipality in receiving timely payment of taxes is clearly significant and outweighs any incidental burden imposed upon plaintiffs, and other taxpayers similarly situated, by this jurisdictional requirement.” *23 Id. at 595, 483 A.2d 839. It is well settled that this interest of the municipality in receiving timely payment of taxes may be protected. Rosewell v. LaSalle National Bank, 450 U.S. 503, 101 S.Ct. 1221, 67 L.Ed.2d 464 (1981).
It is disingenuous for a taxpayer who may be legitimately entitled to a reduction in his assessment to burden the other taxpayers of the municipality by failing to pay prior years’ taxes.
I hold that N.J.S.A 54:3-27 specifically requires a taxpayer filing an appeal from a local property tax assessment to pay all delinquent taxes and the taxes for the first quarter of the tax year under appeal.
Before the return date of the municipality’s motion to dismiss the taxpayer’s complaint for nonpayment of taxes, the taxpayer, as indicated, tendered the taxes due for the first-quarter 1992. The taxpayer, however, failed to pay the unpaid taxes due for the year 1991. Accordingly, the municipality’s motion to dismiss the complaint for nonpayment of taxes in accordance with N.J.S.A 54:3-27 is granted. The complaint is dismissed. Counsel for the municipality will submit an appropriate judgment.

 Plaintiff does not specify what it means by "other such charges.” Cf. Milltown Industrial Sites v. Milltown Bor., 12 N.J.Tax 581 (Tax 1992).