SMALL, J.T.C.
Once again this court is called on to examine the payment requirements to perfect an appeal to this court or the county board of taxation added by the amendments to N.J.S.A 54:3-27 in Chapter 75 of the Laws of 1991. In Milltown Indus. Sites v. Milltown Bor., 12 N.J.Tax 581 (Tax 1992), aff'd o.b., 15 N.J.Tax 144 (App.Div.1993), we held that the failure of the appealing taxpayer to pay water, sewer, and electric charges to the munici *359 pality would deprive this court of the power to hear a direct appeal of a local property tax assessment. In Route 88 Office Assoc. Ltd. v. Brick Tp., 13 N.J.Tax 14 (Tax 1992), we held that the failure of the appealing taxpayer to pay taxes for prior years as well as the taxes for the current year would deprive this court of the power to hear a direct appeal of a local property tax assessment. In the matter now before me I find that the failure of the appealing taxpayer to pay water and sewer charges imposed by the municipality in an appeal to this court from a judgment of the county board of taxation will not deprive this court of the power to hear the matter if the municipality has failed to raise the defense of non-payment of municipal charges at the initial county board appeal of the assessment.
Defendant, City of Newark, moves to dismiss plaintiffs’, Joseph [1] and Remy Frisina’s, appeals of the Essex County Board of Taxation’s judgments affirming the tax assessments on Block 510, Lot 47 in the City of Newark for the years 1991, 1993, and 1994. The grounds for the motions are that plaintiffs had not paid water and sewer charges on the subject property at the time that the three appeals were filed and accordingly, pursuant to N.J.S.A. 54:3-27, as amended by L.1991, c. 75, § 30, the complaints must be dismissed. Plaintiffs argue that N.J.S.A 54:3-27 does not apply to the three captioned appeals and therefore the motions to dismiss should be denied.
For each of the three years in question, 1991, 1993, and 1994, plaintiffs filed a petition of appeal with the Essex County Board of Taxation challenging the tax assessment on their property at 215 Clifton Avenue, in the City of Newark. In each year the Essex *360 County Board of Taxation affirmed the assessment. It is undisputed that at all times the taxpayer was and is delinquent in the payment of water and sewer charges for the subject property for the years in question.
The requirement that taxes be paid at the time that appeals from tax assessments are taken is governed by two statutes: N.J.S.A. 54:3-27 with regard to initial appeals to the county board of taxation and to direct appeals to the Tax Court of New Jersey, and N.J.S.A 54:51A-1b (formerly N.J.S.A 54:2-39) with regard to appeals to the Tax Court of New Jersey from county board judgments. See Powder Mill I Assocs. v. Hamilton Tp., 190 N.J.Super. 63, 69, 461 A.2d 1199 (App.Div.1983); Lecross Assocs. v. City Partners, 168 N.J.Super. 96, 401 A.2d 1099 (App.Div.), certif. denied, 81 N.J. 294, 405 A.2d 837 (1979). It is clear in this state that the payment requirements of the two cited statutes are different. Schneider v. East Orange, 196 N.J.Super. 587, 592-94, 483 A.2d 839 (App.Div.1984), aff'd, 103 N.J. 115, 510 A.2d 1118, cert. denied, 479 U.S. 824, 107 S.Ct. 97, 93 L.Ed.2d 48 (1986), recently restated in Milltown Indus. Sites v. Milltown Borough, supra, 12 N.J.Tax at 583 n. 1. See Muscarelle Dev. Co. v. Mamakvpan Tp., 13 N.J.Tax 330 (Tax 1993), aff'd 15 N.J.Tax 164 (App.Div.1994); Echelon Glen Coop v. Voorhees Tp. 275 N.J.Super. 441, 449, 646 A.2d 498 (App.Div.), certif. denied, 138 N.J. 272, 649 A.2d 1291 (1994) (setting forth the recent comprehensive historical treatment of the tax payment requirements.) Thus, although failure to comply with N.J.S.A 54:3-27’s requirement that taxes be paid upon the filing of a petition of appeal with the county board of taxation or a direct complaint with this court may be cured by the subsequent payment of taxes before the return date of a motion to dismiss for failure to pay taxes, the failure to have paid the requisite amount of taxes at the time that an appeal to this court is taken from a county board judgment cannot be cured. Powder Mill I Assocs., supra, 190 N.J.Super. at 66, 461 A.2d 1199.
Prior to the enactment of Chapter 75 of the Laws of 1991, N.J.S.A 54:3-27 read as follows:
*361 A taxpayer who skallfile an appeal from an assessment against him shall pay to the collector of the taxing district no less than the first three quarters of the taxes assessed against him for the current tax year in the manner prescribed in R.S. 54:4-66 even though his petition to the county board of taxation might request a reduction in excess of one quarter of the taxes assessed for the full year----
The payment of part or all of the taxes upon any property, due for the year for which an appeal from an assessment upon such property has been or shall hereafter be taken, or of taxes for subsequent years, shall in nowise prejudice the status of the appeal or the rights of the appellant to prosecute such appeal, before the county board of taxation, the State Board of Tax Appeals, or in any court to which the judgment arising out of such appeal shall be taken, except as may be provided for in section 2 of this act [i.e. N.J.SA. 54:2-39, since repealed and enacted as N.J.SA 54:51A-lb].
[N.J.S.A 54:3-27 (1977) (amended 1991); emphasis added.]
and N.J.S.A. 54:51A-lb read, and still reads, as follows:
At the time that a complaint has been filed with the tax court seeking review of judgment of county tax boards, all taxes or any installments thereof then due and payable for the year for which review is sought must have been paid. No interest shall be due and payable by the appellant for the period from November 1 of the current tax year to the date of filing the complaint.
[Emphasis added.]
Chapter 75 of the Laws of 1991 amended N.J.S.A 54:3-27 to read as follows:
A taxpayer who shall file an appeal from an assessment against him shall pay to the collector of the taxing district no less than the total of all taxes and municipal charges dm, up to and including the first quarter of the taxes and municipal charges assessed against him for the current tax year in the manner prescribed in R.S. 51:1-66 [2]____
The payment of part or all of the taxes upon any property, due for the year for which an appeal from an assessment upon such property has been or shall hereafter be taken, or of taxes for subsequent years, shall in nowise prejudice the status of the appeal or the rights of the appellant to prosecute such appeal, before the county board of taxation, the tax court, or in any court to which the judgment arising out of such appeal shall be taken, except as may be provided for in R.S. 54:2-39 [since repealed and enacted as N.J.SA 54:51A-lb].
[N.J.S.A. 54:3-27, as amended by L. 1991, c. 75, § 30; emphasis added.]
Thus, after the effective date of this amendment, taxpayers were required to pay municipal charges as well as taxes, see *362 Milltown Industrial Sites, supra, and were required to pay taxes for prior years as well as for the current year in order to maintain a direct appeal to the Tax Court or an initial appeal to the county board of taxation, see Route 88 Office Assoc. Ltd., supra, 13 N.J.Tax at 18-21.
Defendant, City of Newark, in its brief clearly presents the issue to be decided in this case: does N.J.S.A 54:3-27’s requirement that municipal charges be paid prior to the filing of a complaint with the Tax Court or a petition to the county board of taxation also apply to cases in which an appeal is taken to this court from a judgment of the county board of taxation?
Defendant’s fundamental argument is that it simply does not make sense to have different tax and other payment requirements for appeals filed directly with the Tax Court and for appeals filed with the Tax Court from county board judgments. However, both this court and the Appellate Division have disposed of that argument and indicated that there is a rational basis for having different payment requirements. Schneider, supra, 196 N.J.Super. at 594-95, 483 A.2d 839. Although plaintiffs’ claim may not have survived a motion to dismiss for failure to pay water and sewer charges if that motion had been made at the Essex County Board of Taxation, by failing to make that motion at the county board, defendant municipality has waived its rights to challenge the jurisdiction of this court on those grounds at this time. Lecross Assocs., supra, 168 N.J.Super. at 99-100, 401 A.2d 1099. But see Lamantia v. Howell Tp., 12 N.J.Tax 347, 353 (Tax 1992) (explaining that, in general, if a county board does not have jurisdiction to hear a matter neither does the Tax Court). However, Lecross, supra, and subsequent cases make clear that if a party fails to raise the non-payment issue at the county board, the issue of the county board’s jurisdiction to hear the matter has been waived and its judgment is valid.
Since the statutory language in the two jurisdictional standards, N.J.S.A 54:3-27 and N.J.S.A 54:51A-1b, is different and since it is permissible to have different standards, there is simply no reason for this court to read the water and sewer charge payment *363 requirement of N.J.S.A 54:3-27 into the tax payment requirement of N.J.S.A 54:51A-lb. If the legislature had intended to do that they clearly could have done so. Schneider, supra, 196 N.J.Super. at 594-95, 483 A.2d 839. Having before them the several clear interpretations of this court and the Appellate Division, that the standards were different, e.g., Powder Mill I Assocs., supra, Schneider, supra, Milltown Indus. Sites, supra, it would be presumptuous of this court to read the explicit amendment of N.J.S.A 54:3-27 into the distinctly different language of N.J.S.A. 54:51A-1b. If the legislature intended that the municipal charges payment requirement be made a part of N.J.S.A 54:51A-1b as well as N.J.S.A. 54:3-27 they could have done so explicitly.
Defendant also argues that the plain meaning of N.J.S.A. 54:3-27 is that it applies to all tax appeals. The courts of this state have consistently interpreted that statute as applying only to direct appeals to this court and initial appeals to the county board of taxation and not applying to appeals from the county boards to this court which are governed by N.J.S.A 54:51A-lb. Schneider, supra, 196 N.J.Super. at 595, 483 A.2d 839. Given the Appellate Division’s clear reading of the statute, I am not free to read N.J.S.A 54:3-27 as applying to all appeals. N.J.S.A 54:3-27 applies only to direct appeals to this court and to the filing of petitions of appeal with the county board of taxation. It does not apply in this case to an appeal from the county board of taxation to this court.
Accordingly, since the payment requirement of N.J.S.A 54:51A-lb which governs the appeals from the county board in this case was not amended by Chapter 75 of the Laws of 1991, the requirement now found in N.J.S.A. 54:3-27 will not be read into the former statute and the defendant’s motion must be denied.
Plaintiff has argued that even if N.J.S.A 54:3-27’s requirement for the payment of water and sewer charges were applicable in this case it would not be applicable to the 1991 tax appeal because the amendment of N.J.S.A. 54:3-27 by Chapter 75 of the Laws of 1991 was not effective until January 1, 1992. See L.1991, c. 75 §§ 30, 50. Even though the complaint in this matter was filed *364 after that date, plaintiffs argue it is not applicable to 1991 tax appeals. Having found that N.J.S.A 54:3-27’s requirements do not apply in this case, I do not address the issue of whether N.J.S.A 54:3-27’s requirements, as amended by L.1991 c. 75, § 30, would apply to appeals of the 1991 tax year which are taken after January 1, 1992. Since direct appeals covered by N.J.S.A. 54:3-27 had to be taken by August 15, 1991, (April 1 for all subsequent years, N.J.S.A 54:3-21 as amended by L.1991, c. 75, §§ 28, 50) it is unlikely that any direct or initial appeal of a 1991 tax assessment would have been filed after January 1, 1992.[3]
Defendant’s motions are denied.

The plaintiff, Joseph Frisina, was the tax assessor of the City of Newark during the years in question. Because of the close working relationship between the assessor and the municipal attorney, Newark appointed special counsel to represent its interests in this case. Although the municipal tax assessor is not the defendant in a municipal tax appeal, he does play an important role in the defense of municipal tax appeals. See Clinton Tp. Citizens Comm. v. Clinton Tp., 185 N.J.Super. 343, 448 A.2d 526 (Law Div.1982). Municipalities should have in place a system for appointing acting tax assessors to assist in the defense of appeals by their tax assessor brought in his or her capacity as a taxpayer.

 The amendment of N.J.S.A. 54:3-27 to add the requirement that municipal charges and prior year's taxes be paid, coincided with the change in the appeal date from August 15 to April 1, thus changing the current year’s tax payment requirement from three to one quarterly payment. See £.1991, c. 75, §§ 28, 30, 50.

 See N.J.S.A. 54:3-21.4 permitting extensions of time for filing appeals to county boards of taxation (no similar provision provides for extensions of time to file direct appeals with this court). I am not aware of any case in which an extension has been granted to a date after the end of the current calendar year. No extensions to file tax appeals were granted past October 16, 1991, for the 1991 tax year.