189 N.J. Super. 523 (1983)
461 A.2d 163
TOWNSHIP OF MILLBURN IN THE COUNTY OF ESSEX, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF,
v.
BLOCK 1208, LOT 2, 431 MILLBURN AVENUE, ASSESSED TO SIDNEY WERBEL, DEFENDANT.
Superior Court of New Jersey, Chancery Division Essex County.
January 26, 1983.
*525 Kevin R. Jespersen for plaintiff (Clapp & Eisenberg, attorneys).
Sidney K. Werbel, pro se, for defendant.
CRABTREE, J.T.C. (temporarily assigned).
Plaintiff moves for summary judgment in this in rem tax foreclosure proceeding. The only issues are the calculation of interest on delinquent taxes and whether the property owner's tender of payment of an amount purporting to be the full amount due affects the accrual of interest on those taxes.
*526 The facts are undisputed.
On October 9, 1973 plaintiff purchased a tax sale certificate for delinquent 1972 taxes on the subject property. No part of those taxes has been paid to date. The taxes for all years after 1972 likewise remain unpaid. In January 1973 plaintiff's governing body adopted the following resolution with respect to interest on delinquent taxes:
RESOLVED that interest at the rate of eight (8%) percent per annum be charged for the non-payment of taxes or assessments on or after the date when they shall become delinquent as provided by law, on the first $1,000 of the delinquency, and twelve (12%) percent per annum on any amount in excess of $1,000 and said rates of interest are hereby fixed for the balance of the year 1973.
Resolutions containing wording identical to the quoted resolution (except for the year) were adopted in January of each of the years 1974 through 1980. All these resolutions for the years 1973 through 1980 were adopted pursuant to N.J.S.A. 54:4-67, which, until February 14, 1980, provided, pertinently:
... The governing body may also fix the rate of interest to be charged for the nonpayment of taxes or assessments on or before the date when they would become delinquent ... The rate so fixed shall not exceed 8% per annum on the first $1,000 of the delinquency, and 12% per annum on any amount in excess of $1,000.
On February 14, 1980 the statute was amended by substituting $1,500 for $1,000 and 18% for 12%. On March 18, 1980 plaintiff's January 1980 resolution was likewise amended to reflect the new limitations of the enabling statute. The language of the January 1980 resolution was otherwise unchanged.
Plaintiff's governing body adopted a resolution in January 1981 using the same language (except for the year) as that contained in the amended 1980 resolution.
On three separate occasions, i.e., on or about March 20, 1979, December 24, 1979 and April 22, 1980, the property owner (hereafter defendant) tendered payment of what he claimed to be the full amount due. Plaintiff rejected each tender as insufficient to satisfy the full amount of delinquent taxes plus interest. On July 24, 1981 plaintiff commenced this action in *527 rem pursuant to N.J.S.A. 54:5-104.29 et seq. to foreclose and bar all rights of redemption with respect to the property affected by the aforementioned tax sale certificate.
The parties are in agreement that the delinquent 1972 taxes bear interest at the rate of 8% a year until paid. N.J.S.A. 54:5-34. Likewise there is no dispute over the requirement that all subsequent years' taxes, with interest, together with all other municipal liens, also be paid in order to effectuate redemption. N.J.S.A. 54:5-59.
N.J.S.A. 54:4-66 provides, pertinently:
Taxes shall be payable and shall be delinquent as hereinafter stated:
a. Taxes shall be payable the first installment as hereinafter provided on February first, the second installment on May first, the third installment on august first and the fourth installment on November first, after which dates if unpaid, they shall become delinquent:
b. From and after the respective dates hereinbefore provided for taxes to become delinquent, the taxpayer or property assessed shall be subject to the penalties hereinafter prescribed....
Plaintiff claims that the enabling statute (N.J.S.A. 54:4-67) and the annual resolutions adopted pursuant thereto contemplate a single delinquency and, therefore, that only the first $1,000 of the full amount of unpaid taxes for all years involved is subject to the 8% annual interest ceiling. As the unpaid 1972 taxes exceed $1,000, plaintiff continues, all taxes for all years after 1972 bear interest at 12% a year to February 13, 1980, and 18% a year thereafter. Defendant argues, on the other hand, that the 8% interest rate applies to the first $1,000 or $1,500, as the case may be, of each quarterly installment, so that, for example, if the annual taxes do not exceed $4,000 (or $6,000) the interest rate never exceeds 8%.
It is well settled that, in the search for legislative intent, courts look to the objective to be attained, the nature of the subject matter and the contextual setting, and the statute is construed as a whole with reference to the system of which it is a part. Loboda v. Clark Tp., 40 N.J. 424 (1963); Giles v. Gassert, 23 N.J. 22 (1957); Pfitzinger v. Public Emp. Retirement System *528 Trustees, 62 N.J. Super. 589 (Law Div. 1960); Bogda v. Chevrolet-Bloomfield Div., General Motors Corp., 8 N.J. Super. 172 (App. Div. 1950). Thus, the interest can only be resolved in the larger context of the statutory scheme of property tax assessment and collection. Taxes become a lien upon real property as of January 1 of each year. N.J.S.A. 54:5-6. Rates of taxation are fixed annually by the county boards of taxation for local school and county purposes. N.J.S.A. 54:4-39 to 42; N.J.S.A. 54:4-48 and 49; N.J.S.A. 54:4-55. The assessor of each municipality is required to assess real property within his taxing district on an annual basis. N.J.S.A. 54:4-23. Each year's assessment of taxes takes priority over assessments for prior years and a tax sale destroys the lien of prior years' taxes. Harrington Co. v. Walker, 105 N.J. Eq. 172 (Ch. 1929). Each annual assessment is a separate entity, distinct from the assessment for any prior or subsequent year. Hackensack Water Co. v. Tax Appeals Div., 2 N.J. 157 (1949); Aetna Life Ins. Co. v. Newark, 10 N.J. 99 (1952). Delinquent taxes and interest thereon are a single tax debt for each year. State v. Erie R.R. Co., 23 N.J. Misc. 203 (Sup.Ct. 1945).
The foregoing examination of the legislative design for the assessment and collection of taxes leads me to conclude that each year is treated separately for the purposes of N.J.S.A. 54:4-67 and the municipal resolutions adopted thereunder, and, therefore, that the first $1,000 of delinquent taxes in each year ($1,500 for 1980 and later years) is subject to the 8% annual interest rate.
Defendant's contention must fail for essentially the same reasons. Taxes are assessed and the rates thereof imposed annualy, not quarterly. The statutory provision in N.J.S.A. 54:4-66 for quarterly payment is merely an aid to municipal financing. Edgewater v. Corn Products Refining Co., 136 N.J.L. 664 (E. & A. 1947). Furthermore, adoption of defendant's position would derogate from the clear legislative purpose as declared in the Senate Committee Statement accompanying the *529 1980 amendment to N.J.S.A. 54:4-67 whereby the amount of delinquent taxes subject to 8% interest was increased from $1,000 to $1,500. The Committee said:
The current two-tier interest rate is retained recognizing that delinquencies of low amounts (less than $1,500.00) generally reflect the property taxes or water and sewer assessments on residential and small commercial property where the delinquency is not indicative of alternative cash flow decisions, but an already existing financial hardship or just plain forgetfulness on the part of the taxpayer. [Senate, County and Municipal Government Committee Statement, Assembly Bill 3170; L. 1979, c. 435].
The tax delinquency which defendant has allowed to accumulate for nearly ten years palpably impacts plaintiff's finances with defendant's apparent "alternate cash flow decisions" which the statute was designed to discourage. To permit defendant to avail himself of involuntary, low-interest loans from plaintiff during a period of escalating money costs would be inimical to the legislative purpose.
Plaintiff argues, with respect to the tender of payment issue, that interest accrual was not tolled by any of defendant's tenders of payment, as the amounts tendered were insufficient to redeem the property and plaintiff was not obligated to accept anything less than the full amount required for redemption. Defendant contends, on the other hand, that his tenders of payment stop the running of interest altogether; and he relies upon 9W Contractors v. Englewood Cliffs, 1 N.J. Tax 465, 176 N.J. Super. 603 (Tax Ct. 1980). I conclude that plaintiff's position is correct and I must reject defendant's contention.
The amount tendered by defendant was, on all three occasions, insufficient to pay in full the delinquent taxes and accrued interest thereon, as required by N.J.S.A. 54:5-59 to effectuate redemption. As a matter of policy, the law dealing with tax foreclosures is liberally construed to encourage the barring of rights of redemption and the expeditious restoration of property to the tax rolls in aid of municipal revenues. Bron v. Weintraub, 42 N.J. 87 (1964); Kerr v. Trescher, 34 N.J. Super. *530 437 (Ch.Div. 1955); N.J.S.A. 54:5-85. The corollary of this policy is the principle that the law does not recognize partial redemptions of tax sale certificates. Lonsk v. Pennefather, 168 N.J. Super. 178 (App.Div. 1979).
Defendant's reliance upon the 9W Contractors case is misplaced. The issue in that case was taxpayer's entitlement to interest on a tax refund for the period subsequent to the taxing district's tender of the full amount without interest. The legislative policy, construed in the cases cited above, of an expeditious restoration of property to the tax rolls through a prompt foreclosure of redemption rights was not involved in 9W Contractors.