ANDREW, J.T.C.
The issue in this local property tax case is whether plaintiffs complaint must be dismissed for its failure to pay delinquent municipal utility charges. Stated another way, the question is *582 whether the phrase “municipal charges” in N.J.S.A. 54:3-27 includes water, sewer, electric and other municipal utility charges, and thus, requires dismissal of a local property tax complaint if these charges are not paid as directed by the statute. Plaintiff, Milltown Industrial Sites, challenges the 1992 local property tax assessment on its property located at Ford Avenue, Milltown Borough, Middlesex County. The property is designated as Block 358, Lot l.B on the borough’s tax map. The original assessment for 1992 is as follows:
Land $ 560,000
Improvements 940,000
Total $1,500,000
On March 30, 1992, plaintiff contested this assessment by filing a complaint directly with the Tax Court claiming overvaluation and discrimination. On July 2, 1992, defendant, Mill-town Borough, filed a motion to dismiss plaintiff’s complaint, pursuant to N.J.S.A. 54:3-27, for failure to pay municipal charges. With its motion, defendant included a certification from the tax collector for Milltown Borough which states that, as of June 25, 1992, plaintiff was delinquent regarding its municipal utility charges. Specifically, the tax collector notes the following delinquencies:
1991 Electric—$4,505.99 plus accrued interest
1991 Water/Sewer—$516.20 plus accrued interest
1992 Electric—$19,449.64 (as of April 15, 1992) plus accrued interest
1992 Water/Sewer—$5,694.53 (as of April 15, 1992) plus accrued interest
Plaintiff filed a response in opposition to defendant’s motion on July 16, 1992. In this response, plaintiff argues that “municipal charges” as used in N.J.S.A. 54:3-27 refers only to interest and penalties charged on unpaid real estate taxes, and not to electric, water or sewer charges. Thus, plaintiff submits that its complaint should not be dismissed. It should be noted that plaintiff asserts, and defendant does not dispute, that plaintiff’s 1991 local property taxes and 1992 first-quarter local property taxes have been paid. On July 21, 1992, defendant filed a letter-memorandum with this court opposing plaintiff’s *583 July 16, 1992 response. On July 23, 1992, plaintiff filed a second response with this court.
Since plaintiff filed its complaint directly with the Tax Court, bypassing the county board of taxation as permitted by N.J.S.A. 54:3-21, N.J.S.A. 54:3-27 is the controlling statutory tax-payment provision.[1] Powder Mill I Associates v. Hamilton Tp., 190 N.J.Super. 63, 461 A.2d 1199 (App.Div.1983). N.J.S.A. 54:3-27, as amended by L. 1991, c. 75, states in relevant part:
A taxpayer who shall file an appeal from an assessment against him shall pay to the collector of the taxing district no less than the total of all taxes and municipal charges due, up to and including the first quarter of the taxes and municipal charges assessed against him for the current tax year in the manner prescribed in R.S. 54:4-66.
[Emphasis added]
This amended version of N.J.S.A. 54:3-27 was effective beginning January 1, 1992, see A. 1991, c. 75, § 50, and, accordingly, applies to tax year 1992.
Before amendment by A. 1991, c. 75, N.J.S.A. 54:3-27 made no reference to “municipal charges.” Defendant asserts that because plaintiffs 1991 and first-quarter 1992 electric, water and sewer charges remain unpaid, plaintiffs complaint must be dismissed pursuant to N.J.S.A. 54:3-27. In opposition, plaintiff contends that the clear language of N.J.S.A. 54:3-27 indicates that electric, water and sewer charges do not constitute “municipal charges” for purposes of N.J.S.A. 54:3-27. “Municipal charges” are not defined in A. 1991, c. 75, nor does the legislative history to A. 1991, c. 75 mention “municipal charges.”
Plaintiff argues, citing Great Adventure, Inc. v. Jackson Tp., 10 N.J.Tax 230, 233 (App.Div.1988), that where, as in the present case, a taxpayer may lose the right to challenge an assessment due to noncompliance with a statutory requisite, *584 because of the severity of the penalty, a strict statutory construction is necessary. Additionally, asserting that the term “municipal charges” in N.J.S.A. 54:3-27 must be considered in the context of the entire first paragraph of N.J.S.A. 54:3-27, plaintiff notes the following with regard to “municipal charges”:
1. The taxpayer is required to pay these charges to the tax collector;
2. the phrase “municipal charges” is associated and linked twice to the word “taxes”, ie., “all taxes and municipal charges”;
3. the phrase “municipal charges” is linked to quarterly payments, ie., “including the first quarter of the taxes and municipal charges” assessed;
4. the “municipal charges” are described as being assessed against the taxpayer in the manner prescribed by E.S. 54:4-66; and lastly,
5. the entire paragraph relate[s] to the conditions for taking an appeal of real estate taxes.
Based on these assertions, plaintiff alleges that “municipal charges” include only those charges “arising out of real estate taxes assessed against the property," such as interest on unpaid real estate taxes, and do not include utility charges.
First, plaintiff asserts that, since N.J.S.A. 54:3-27 requires that “municipal charges” be paid to the “tax collector,” and electric, water and sewer charges are not paid to the tax collector, the “municipal charges” referred to in N.J.S.A. 54:3-27 must mean something other than electric, water and sewer charges. This argument is not convincing. N.J.S.A. 54:3-27 refers to “the collector of the taxing district,” not to the “tax collector.” N.J.S.A. 1:1-2 defines “collector” as follows:
The word “collector,” when used in relation to the collection of taxes or water rents or other public assessments, includes all officers charged with the duty of collecting such taxes, water rents or assessments, unless a particular officer is specified.
[Emphasis added]
Additionally, N.J.S.A. 1:1-2 defines “taxing district” as follows:
The words “taxing district,” when used in a law relating to the assessment or collection of taxes, assessments or water rates or water rents, include every political division of the State, less than a county, whose inhabitants, governing body or officers have the power to levy taxes, assessments or rates.
*585 [Emphasis added]
These definitions demonstrate that the term “collector of the taxing district” is not limited to the tax collector, but will include other officers responsible for collecting water rents and other assessments. Consequently, plaintiffs argument that N.J.S.A. 54:3-27 requires payment of “municipal charges” to the tax collector is not persuasive.
Second, plaintiff asserts that “[t]he meaning of words in statutes may be indicated and controlled by those with which they are associated.” Specifically, plaintiff contends that, because N.J.S.A. 54:3-27 links “taxes” and “municipal charges” together using the conjunctive word “and,” the meaning of “municipal charges” may be controlled by the word “taxes.” Additionally, plaintiff states that since “municipal charges” is a more general term than “taxes,” under the rule of ejusdem generis, the term “municipal charges” should be controlled by the more specific term “taxes.” Thus, plaintiff argues that “municipal charges” should be interpreted as those charges relating to real estate taxes, such as interest.
Plaintiff’s argument on this point is, again, not persuasive. It is clear that taxes and interest merge to form a single tax debt for each tax year. Millburn Tp. v. Block 1208, Lot 2, 189 N.J.Super. 523, 528, 461 A.2d 163 (Ch.Div.1983); State v. Erie R.R. Co., 23 N.J.Misc. 203, 42 A.2d 759 (Sup.Ct.1945). Further, reading other statutes in pari materia with N.J.S.A. 54:3-27 demonstrates both that interest is considered part of the tax itself, and that “municipal charges” are not the equivalent of interest. “It is a cardinal principle of statutory construction that statutes relating to the same or similar subject matter— statutes in pari materia—are to be construed together.” Palmer v. Kingsley, 27 N.J. 425, 429, 142 A.2d 833 (1958). Our Supreme Court in State v. Biegenwald stated:
In resolving doubts and uncertainties as to the meaning to be given a statutory provision, reference to related statutes can be instructive. Consistent construction of other statutes and statutory provisions in pari materia can be indicative of the intended understanding to be accorded the legislation under scrutiny.
[ 96 N.J. 630, 635, 477 A.2d 318, clarified, 97 N.J. 666, 483 A.2d 184 (1984)]
*586 Additionally, the rule that statutes relating to the same subject matter should be read in pari materia “most obviously applies when the statutes in question were enacted during the same session or went into effect at the same time____” Mimkon v. Ford, 66 N.J. 426, 434, 332 A.2d 199 (1975).
It is clear from the aforementioned principles that N.J.S.A. 54:3-27 should be read in pari materia with other statutes enacted or amended as part of L.1991, c. 75. Many provisions of the “Tax Sale Law,” N.J.S.A. 54:5-1 et seq., were amended by c. 75. Additionally, since N.J.S.A. 54:3-27 and the “Tax Sale Law,” N.J.S.A. 54:5-1 et seq., both concern the taxation of real property, there is good reason to read these statutes in pari materia.
Consistent with the cases previously noted, Millburn Tp., supra and Erie R.R. Co., supra, N.J.S.A. 54:5-6, read in pari materia with N.J.S.A. 54:3-27, also supports the proposition that interest on real property taxes becomes part of the tax. Specifically, N.J.S.A. 54:5-6 states that “all interest, penalties and costs of collection” become part of a real estate tax lien. Since interest becomes part of the tax itself, the term “municipal charges” cannot be interpreted to mean interest. Applying plaintiff’s proposed construction of “municipal charges” in N.J.S.A. 54:3-27 would render the term meaningless. In Gabin v. Skyline Cabana Club, 54 N.J. 550, 258 A.2d 6 (1969), our Supreme Court stated that:
It is a cardinal rule of statutory construction that full effect should be given, if possible, to every word of a statute. We cannot assume that the Legislature used meaningless language.
[at 555, 258 A.2d 6; emphasis added]
See Central Constr. Co. v. Horn, 179 N.J.Super. 95, 101-02, 430 A.2d 939 (App.Div.1981).
Additionally, N.J.S.A. 54:4-67 states in pertinent part:
The governing body [of each municipality] may also fix the rate of interest to be charged for the nonpayment of taxes or assessments____ The rate so fixed shall not exceed 8% per annum on the first $1,500 of the delinquency and 18% per annum on any amount in excess of $1,500, to be calculated from the date the tax was payable until the date of actual payment.
[Emphasis added]
*587 N.J.S.A. 54:4-67 was amended by L.1991, c. 75, § 39, to include the following definition:
“Delinquency ” means the sum of all taxes and municipal charges due on a given parcel of property covering any number of quarters or years.
[Emphasis added]
The aforementioned sections of N.J.S.A. 54:4-67 reveal that interest is calculated on a delinquency, and that a delinquency consists of both unpaid taxes and unpaid municipal charges. It is obvious that, if interest is calculated on municipal charges, interest cannot be the equivalent of municipal charges.
Similarly, N.J.S.A. 54:5-21 requires that when lands are listed for tax sale, the collector must enter “all taxes, assessments and other municipal charges which were a lien at the close of the fiscal year.” Emphasis added. The collector is further required to add “all interest and costs on all items of the list computed to date of sale.” Again, since interest is being computed on municipal charges, these terms cannot have the same meaning. From the foregoing discussion, it is apparent that plaintiffs position, that “municipal charges” as used in N.J.S.A. 54:3-27 should be interpreted to mean interest on delinquent taxes, is untenable. See also N.J.S.A. 54:5-8, -13, and -39 which also demonstrate that “municipal charges” mean something other than interest on real estate taxes.
Since “municipal charges” cannot mean interest, a determination must be made as to what constitutes “municipal charges.” As noted previously, defendant contends that “municipal charges” include electric, water and sewer charges. N.J.S.A. 40:62-14 addresses electric charges and states:
The rates, rents, or charges shall remain, until paid, municipal liens against the property and premises where such light, heat or power is furnished____
[Emphasis added]
Similarly, with respect to water charges, N.J.S.A. 40A:31-12 states:
*588 Rates, rentals, connection fees or other charges levied in accordance with N.J.S.A. 40A:31-10 and 40A:31-11, shall be a first lien or charge against the property benefited therefrom____ Liens levied in accordance with this section shall be enforceable in the manner provided for real property tax liens in chapter 5 of Title 54 of the Revised Statutes.
[Emphasis added]
With regard to water and sewage disposal charges, N.J.S.A. 40:14B-42 states:
In the event that a service charge of any municipal authority with regard to any parcel of real property ... shall not be paid as and when due, the unpaid balance thereof and all interest accruing thereon shall be a lien on such parcel____ Such lien shall not bind or affect a subsequent bona fide purchaser of such parcel for a valuable consideration without actual notice of such lien, unless the municipal authority shall have filed a ... statement showing the amount and due date of such unpaid balance and identifying such parcel, which identification may be sufficiently made by reference to the assessment map of said municipality. The information shown in such statement shall be included in any certificate with respect to said parcel thereafter made by the official of said municipality vested with the power to make official certificates of searches for municipal liens.
[Emphasis added]
Each of the aforementioned statutes refers to the rate for its particular utility as a “charge.” Additionally, as discussed previously, since N.J.S.A. 54:3-27 and the “Tax Sale Law,” N.J.S.A. 54:5-1 et seq., both concern the taxation of real property, these statutes should be read in pari materia. Accordingly, N.J.S.A. 54:5-12 which relates to applications for certificates of searches for municipal liens, uses language similar to N.J.S.A. 54:3-27 as follows:
... such official shall make an examination of the records of the municipality, and within 15 days after receipt of the application, issue a certificate certifying the taxes, assessments or other municipal liens or charges, levied or assessed against the property described in the application, which are liens thereon at the date of the certificate.
[Emphasis added]
Similar to N.J.S.A. 54:3-27, N.J.S.A. 54:5-12 refers to both “taxes” and “municipal liens or charges.” Clearly, under N.J.S.A. 54:5-12, “municipal liens or charges” refers to items such as electric, water and sewer charges. As noted previous *589 ly, N.J.S.A. 40:62-14, N.J.S.A. 40A:31-12, and N.J.S.A. 40:14B-42 all relate to municipal utility charges which become municipal liens if not paid when due. N.J.S.A. 40A:31-12 expressly provides that “[l]iens levied in accordance with this section shall be enforceable in the manner provided for real property tax liens in chapter 5 of Title 54 of the Revised Statutes.” Additionally, N.J.S.A. 40:14B-42 specifically notes that the lien described therein may be included in the certificate of searches for municipal liens referred to in N.J.S.A. 54:5-12. In sum, reading N.J.S.A. 54:3-27 in pari materia with N.J.S.A. 54:5-12, reveals that “municipal charges” include electric, water and sewer charges.
Third, defendant asserts that N.J.S.A. 54:3-27 contemplates that local property taxes and municipal charges are billed quarterly. N.J.S.A. 54:3-27 requires that a taxpayer pay local property taxes and municipal charges “up to and including the first quarter of the taxes and municipal charges assessed.” Plaintiff provides a certification which states that electric charges are billed on a monthly basis, and that water and sewer charges are billed quarterly, but on a different quarterly basis than local property taxes. Thus, plaintiff argues that “municipal charges” cannot include utility charges.
Plaintiffs argument is not persuasive. First, N.J.S.A. 54:3-27 does not require that first-quarter local property taxes and municipal charges be assessed or billed at the same time. N.J.S.A. 54:3-27 simply requires payment of local property taxes and municipal charges which correspond to the first quarter of the year, regardless of when such charges were billed. Additionally, our Supreme Court in Giles v. Gassert, 23 N.J. 22, 127 A.2d 161 (1956) stated that:
The sense of a law is to be collected from its object and the nature of the subject matter, the contextual setting, and the statutes in pari materia; and the import of a particular word or phrase is controlled accordingly.
[at 33-34, 127 A.2d 161]
See Loboda v. Clark Tp., 40 N.J. 424, 435, 193 A.2d 97 (1963) and In re Roche’s Estate, 16 N.J. 579, 587, 109 A.2d 655 (1954). In light of the previous discussion which considered N.J.S.A. *590 54:3-27 in pari materia with other provisions, and determined that the term “municipal charges” does include electric, water and sewer charges, the fact that utility charges are billed in a manner different than local property taxes is not significant.
Fourth, plaintiff argues that N.J.S.A. 54:3-27 provides that taxes and municipal charges are assessed in a manner consistent with N.J.S.A. 54:4-66. Plaintiff contends that since utility charges” are not assessed in accordance with N.J.S.A. 54:4-66, “municipal charges” cannot include utility charges. N.J.S.A. 54:4-66, however, simply states when quarterly tax payments are due: February first, May first, August first, and November first. Utility charges billed by these dates would therefore be “assessed in the manner prescribed by N.J.S.A. 54:4-66.” See N.J.S.A. 54:3-27. Plaintiffs argument is, therefore, not convincing.
Last, plaintiff states that N.J.S.A. 54:3-27 addresses real estate tax appeals, and that an appeal to the Tax Court or the county board of taxation is not the proper forum for a taxpayer objection to a utility bill. Plaintiffs argument, again, misses the mark. The purpose behind N.J.S.A. 54:3-27 is to encourage payment of outstanding bills for particular municipal charges, and thus, avoid financial hardship to a taxing district. Lecross Associates v. City Partners, 168 N.J.Super. 96, 98-99, 401 A.2d 1099 (App.Div.1979), certif. denied, 81 N.J. 294, 405 A.2d 837 (1979) (citing Senate Revenue, Finance and Appropriations Committee Statement to Assembly Bill 1276 (1975)). Including a requirement for the payment of utility charges as a prerequisite to a property tax appeal furthers the legislative purpose of alleviating financial hardship to taxing districts.
In conclusion, plaintiffs arguments for asserting that “municipal charges” as used in N.J.S.A. 54:3-27 should not include electric, water and sewer charges are not persuasive. Absent payment of these delinquent utility charges by July 24, 1992, the return date of this motion, plaintiffs complaint must be dismissed.
*591 Since I have not been advised that these delinquent municipal charges have been paid, plaintiffs complaint is dismissed pursuant to N.J.S.A. 54:3-27.

 There is a different tax-payment provision that is applicable when a complaint filed with the Tax Court seeks review of a judgment of a county board of taxation. See N.J.S.A. 54:51A-lb.