PER CURIAM.
In this appeal from a decision of the Tax Court, Milltown Industrial Sites (Milltown) challenges the determination that N.J.S.A 54:3-27 required it to pay municipal utility charges as *145 part of all municipal charges in addition to real estate taxes before it could maintain a tax appeal.
Milltown contends that the phrase “municipal charges” in the statute was not intended to include electric, sewer and water charges as “municipal charges” within the scope of N.J.S.A. 54:3— 27. It argues that payment of such charges should not be held to be a condition for maintaining a real estate tax appeal. Judge Andrew, in a well-reasoned opinion, concluded that the statute required plaintiff to pay all such municipal charges in addition to real estate taxes before it could maintain a tax appeal.
We affirm substantially for the reasons expressed by Judge Andrew in his August 25,1992 opinion, reported at 12 N.J.Tax 581 (Tax 1992).