BIANCO, J.T.C.
This opinion shall serve as the court’s determination of a motion to dismiss the complaint of plaintiff John Trebour Trustees’ (hereinafter “Trebour”), filed by defendant Randolph Township (hereinafter “Randolph”) alleging that Trebour failed to pay taxes pursuant to N.J.S.A 54:3-27.
For the reasons set forth below, Randolph’s motion is denied.
The following facts are not in dispute. On or about March 20, 2009, Trebour filed a single direct complaint with the Tax Court challenging the 2009 local property tax assessments for two properties it owns in Randolph, designated by the taxing district as Block 42, Lots 114 and 114.01 (commonly and hereinafter referred *229 to as “886 Route 10” and “906 Route 10” respectively). On or about May 22, 2009, Randolph filed a Notice of Motion to Dismiss for Failure to Pay Taxes pursuant to N.J.S.A. 54:3-27. Attached to the motion was the certification of Randolph’s Tax Collector, Lisa Combos, attesting to Trebour’s failure to pay municipal taxes on 886 Route 10 for the third and fourth quarters of 2008 and the first quarter of 2009. Thereafter, on or about July 26, 2009, Trebour withdrew its appeal as to 886 Route 10 only[1], and filed opposition to Randolph’s motion.
N.J.S.A. 54:3-27
N.J.S.A. 54:3-27 requires, in relevant part, that:
A taxpayer who shall file an appeal from an assessment against him shall pay to the collector of the taxing district no less than the total of all taxes and municipal charges due, up to and including the first quarter of the taxes and municipal charges assessed against him for the current tax year in the manner prescribed in R.S.54:4-66.
Randolph contends that the phrases “assessment against him” and “assessed against him” as they appear in N.J.S.A. 54:3-27, ibid, (emphasis added), refer to the taxpayer specifically and therefore require a taxpayer seeking review of a local property tax assessment to first pay all taxes assessed against the taxpayer within the taxing district. Such an interpretation would require taxpayers who own multiple properties within a municipality to satisfy all outstanding tax obligations on all properties in order to maintain a tax appeal on just one of those properties. In this regard the pending matter presents an issue of first impression. According to Randolph this interpretation furthers the overriding purpose of N.J.S.A. 54:3-27 to encourage payment of outstanding bills and taxes so that the taxing district avoids financial hardship. See Lecross Associates v. City Partners, 168 N.J.Super. 96, 98-99, 401A.2d 1099 (App.Div.1979).
Conversely, Trebour argues that the phrases in question refer to the real property subject to the appeal and not to the individual *230 taxpayer. Accordingly, Trebour maintains that the plain meaning of N.J.S.A. 54:3-27 requires the court to construe the statute as requiring that only the taxes assessed against the real property subject to the appeal be paid.
It is well established that when the Legislature has defined a term in a statute, the courts are bound by that definition. See Eagle Truck Transport, Inc. v. Board of Review, Division of Employment Sec. Dept., of Labor and Industry, 29 N.J. 280, 289, 148 A.2d 822 (1959). “Where statutory language is plain, unambiguous and uncontrolled by another part of the act or other legislation, a court may not give it a different meaning.” Schneider v. City of East Orange, 196 N.J.Super. 587, 592, 483 A.2d 839 (App.Div.1984) (citation omitted). However, “[i]f the text ... is susceptible to different interpretations, the court considers extrinsic factors, such as the statute’s purpose, legislative history, and statutory context to ascertain the legislature’s intent.” Aponte-Correa v. Allstate Ins. Co., 162 N.J. 318, 323, 744 A.2d 175 (2000), (citing Township of Pennsauken v. Schad, 160 N.J. 156, 170, 733 A.2d 1159 (1999)). Furthermore, it is “a cardinal rule of statutory construction that full effect should be given, if possible, to every word of a statute.” Gabin v. Skyline Cabana Club, 54 N.J. 550, 555, 258 A.2d 6 (1969). Our Supreme Court has long held that “statutes are to be read sensibly rather than literally and the controlling legislative intent is to be presumed as consonant to reason and good discretion.” Schierstead v. City of Brigantine, 29 N.J. 220, 230, 148 A.2d 591 (1959) (citations omitted); see also Valerius v. City of Newark, 84 N.J. 591, 598, 423 A.2d 988 (1980), (cautioning that “in some instances, there is no surer way to misread a document than to read it literally”).
The Legislature has not defined the terms “assessment” / “assessed,” or “him” as used in the disputed phrases contained within N.J.S.A 54:3-27.[2]
The term “assessment” is defined as “the act or an instance of assessing: APPRAISAL.” Webster’s New Collegiate Dictio *231 nary 67 (1980). The term “appraisal” is defined as “an act or instance of appraising; esp: a valuation of property by the estimate of an authorized person.” Id. at 55 (emphasis added). The term “assessed” is the past tense of “assess,” which means “1: to determine the rate or amount of (as a tax) 2 a: to impose (as a tax) according to an established rate b: to subject to a tax, charge, or levy 3: to make an official valuation of (property) for the purposes of taxation.” Id. at 67. The term “him” is the pronoun for “he” which is defined as “a male person or animal.” [3] Id. at 536, 522. Given the above definitions, each party’s reading of the statute is plausible. While the term “him” specifically refers to a taxpayer, and not property, the words “assessment” and “assessed” refers to an act of valuation, usually directed at property and not at an individual. Therefore the disputed phrases can be interpreted to mean local property taxes specific to the property on appeal or all taxes owed by the taxpayer. Given the plausibility of both interpretations, the statute cannot be interpreted under a plain meaning analysis.
It is not clear to this court from the plain language of the statute, which interpretation of the disputed phrases contained within N.J.S.A. 54:3-27 was intended to prevail. “When statutory language is ambiguous, courts must choose a construction which will carry out the legislative intent of the statute as a whole.” State v. Rama, 298 N.J.Super. 339, 343, 689 A.2d 776 (App.Div. 1997). In Milltown Industrial Sites v. Borotigh of Milltown, 12 N.J.Tax 581 (1992), the court utilized the doctrine of in pari materia to help discern the meaning of “municipal charges,” a phrase added to N.J.S.A. 54:3-27 by L. 1991. c. 75. As the Supreme Court stated in State v. Biegenwald: “[i]n resolving doubts and uncertainties as to the meaning to be given a statutory provision, reference to related statutes can be instructive. Consistent construction of other statutes and statutory provisions in pari *232 materia can be indicative of the intended understanding to be accorded the legislation under scrutiny.” 96 N.J. 630, 635, 477 A.2d 318, clarified 97 N.J. 666, 483 A.2d 184 (1984). “It is a cardinal principle of statutory construction that statutes relating to the same or similar subject matter — statutes in pari materia— are to be construed together.” Milltown Industrial Sites, supra, 12 N.J.Tax at 585, (quoting Palmer v. Kingsley, 27 N.J. 425, 429, 142 A.2d 833 (1958)). As the court did in Milltown Industrial Sites, it is appropriate in the present proceeding to read the disputed phrase in pari materia with other related statutes.
The court in Milltown Industrial Sites, supra, found particular guidance in comparing N.J.S.A. 54:3-27 to N.J.S.A. 54:5-1 et seq, since both were enacted or amended as part of L. 1991, c. 75 and both concern taxation of real property. 12 N.J.Tax at 586. By comparing the two statutes, the court concluded that the phrase “municipal charges” in N.J.S.A. 54:3-27 could not mean interest because under N.J.S.A 54:5-6 interest becomes part of the tax on real property itself. According to the Milltown Industrial Sites court, reading “municipal charges” in N.J.S.A. 54:3-27 to mean interest would render the term meaningless since N.J.S.A. 54:3-27 requires the taxpayer to pay all taxes, which already includes interest. Ibid.
Comparison to related statutes is informative in the present appeal. N.J.S.A 54:5-6, -7, and -21, all statutes that deal with taxation of real property, use the term “assessed” in reference to specific property:
Taxes on lands shall be continuous on the land on which they are assessed and all subsequent taxes, interest, penalties and costs of collection which thereafter fall due or accrue shall be added to and be a part of such initial lien.
[N.J.S.A 54:5-6 (emphasis added)];
All assessments for benefits for municipal improvements, including, but not limited to local improvements ... shall be a continuous lien on the land on which they are assessed on____
[N.J.S.A 54:5-7 (emphasis added)];
and
[I]ssue a certificate certifying the taxes, assessments or other municipal liens or charges, levied or assessed against the property descnbed in the application.
[N.J.S.A 54:5-21 (emphasis added).]
*233 The aforementioned statutes all indicate that the Legislature has used the term “assessed” in connection with specific property and not in connection to individual taxpayers. Reading N.J.S.A. 54:3-27 to mean all taxes that the taxpayer may owe would give the terms “assessment” and “assessed” a meaning that the Legislature has never attributed to them. Conversely, reading N.J.S.A. 54:3-27 as only applying to the property on appeal would ensure a uniform definition of “assessment.”
When a statute is ambiguous on its face, the court may also look to prior precedent for guidance, see In re Passaic County Utils. Auth., 164 N.J. 270, 300, 753 A.2d 661 (2000), and review the legislative history of the statute to help ascertain its meaning. Aponte-Correa, supra, 162 N.J. at 323, 744 A.2d 175.
While there is no case law directly on point, our courts have provided some useful guidance. The Appellate Division has held that “a tax on real estate is simply a lien against the real estate on which taxes were assessed and not a personal obligation of the landowner.” Newark v. Central & Lafayette Realty Co., Inc., 150 N.J.Super. 18, 21, 374 A.2d 504 (App.Div.) (citation omitted), certif. denied, 75 N.J. 528, 384 A.2d 508 (1977). In Newark, the municipality sued the owner of property subject to a delinquency and the Chancery Division enjoined the owner from paying out or receiving any proceeds from insurance policies until the tax arrears were satisfied. Id. at 20, 374 A.2d 504. In reversing the lower court’s decision, the Appellate Division noted that the Legislature had provided specific statutory means by which the municipality could pursue delinquencies, specifically the Tax Sale Law (N.J.S.A. 54:5-1 et seq.) and the In Rem Tax Foreclosure Act (N.J.S.A. 54:5-104.29 et seq.), and therefore the Chancery Division had erred by crafting its own remedy for the municipality. Id. at 21, 374 A.2d 504.
Decisions of the Tax Court have been consistent with the reasoning in Newark. See e.g. ADP of New Jersey, Inc. v. Township of Parsippany-Troy Hills Township, 14 N.J.Tax 372, 378 (1994) (“Property taxes are not a personal obligation of the owner but are a lien on the property.”); Freehold Office Park, *234 Ltd. v. Township of Freehold, 12 N.J.Tax 433, 440-41 (1992) (“Local property taxes are assessed against property, and, if unpaid, they become a lien against the property.”); Garden State Racing Ass’n v. Township of Cherry Hill, 1 N.J.Tax 569, 574 (1980) (“Taxes on real estate in New Jersey under N.J.S.A. 54:4-1 and N.J.S.A. 54:4-23 are not the personal obligation of the owner of the real estate. Taxes are assessed against the fee and are a lien on it.”).
In Freehold Office Park the Tax Court relied on Newark and found that N.J.S.A. 54:3-27 had been satisfied where the municipality received tax revenues upon the sale of a tax sale certificate to a third party. Supra, 12 N.J.Tax at 440^41. In allowing the property owner to maintain its local property tax appeal, despite not personally satisfying the delinquency, the court wrote:
In fact, in speaking of the taxpayer, there is no “assessment against him” and there are no “taxes assessed against him.” Taxes are assessed against the property, and they become a lien on the property, not a liability of the taxpayer. Since unpaid taxes are a lien against the property and not the personal obligation of the property owner, N.J.S.A. 5A:8-%7 must mean that the tax revenues due to a municipality may be paid by anyone.
Freehold Office Park, supra, 12 N.J.Tax at 440-41.]
The court finds that interpreting N.J.S.A. 54:3-27 as advocated by Randolph, would ran contrary to the well established principle that local property taxes are liens against property, and not a personal obligation of the taxpayer.[4] It would also appear to give municipalities a new judicially crafted means of collecting delinquencies outside of the avenues already authorized by the Legislature. See Newark, supra, 150 N.J.Super. at 21, 374 A.2d 504 (“Since Newark has concededly not begun to avail itself of the statutory means to enforce collection, much less exhausted them, we are of the view that the trial judge erred in expanding the manner in which real estate taxes could be collected.”); see also Garden State Racing Ass’n, supra, 1 N.J.Tax at 574 (“These statutory methods of collection of delinquent taxes evidence the *235 legislative determination that real estate taxes are liens or levies on land and are not the personal obligation of the owner of the land.”) (emphasis added).
Moreover, this court has found no published opinion where the Tax Court has dismissed a complaint for a taxpayer’s failure to pay taxes owed on property not subject to the appeal. To the contrary, a review of the case law interpreting N.J.S.A. 54:3-27 reveals that the tax payment requirement has only been applied to properties subject to the appeal. In Rt. 88 Office Assoc. Ltd. v. Township of Brick, 13 N.J.Tax 14 (1992) the Tax Court had the opportunity to examine the legislative history of N.J.S.A 54:3-27. Prior to its amendment by L. 1991 c. 75, N.J.S.A 54:3-27 required that the taxes be paid only for the first three quarters of the year under appeal. Id. at 17. After the 1991 amendment the statute required that “all taxes and municipal charges due, up to and including the first quarter of the taxes and municipal charges assessed against him for the current tax year” must be paid. N.J.S.A. 54:3-27. The court found that the “Legislature [in amending N.J.S.A. 54:3-27] intended exactly what it said, that is that all taxes due on a property shall be paid before an appeal may be heard.” Rt. 88 Office Assoc. Ltd., supra, 13 N.J.Tax at 21 (emphasis added).
Limiting the applicability of N.J.S.A. 54:3-27 to taxes attributable to property subject to a tax appeal, does not in this court’s view, frustrate the policy behind N.J.S.A. 54:3-27. Municipalities will still receive the full anticipated revenue as to those properties under appeal if the appealing taxpayer wants to avoid a dismissal. Furthermore, if a taxpayer owns other properties in the same municipality and seeks to appeal the assessments thereof but has not paid the taxes thereon, those appeals will be subject to dismissal pursuant to N.J.S.A. 54:3-27.[5] The court also questions *236 whether Randolph’s position is truly workable and will not serve as a breeding ground for litigation.[6]
Accordingly, this court finds that the mandate to pay taxes in N.J.S.A. 54:3-27 is specific to the property subject to appeal. Given the ambiguity of the various terms contained in N.J.S.A. 54:3-27, as set forth above, this court’s determination is consistent with legal precedent and the legislative history of N.J.S.A 54:3-27, and is reasonable when viewing N.J.S.A. 54:3-27 in pari materia with other related statutes.
Rule 8:3-9
Alternatively, Randolph argued that should this court deny its motion to dismiss, then Trebour should not be permitted to withdraw its count pertaining to 886 Route 10. Rule 8:3-9, entitled “Withdrawal,” reads: “[wjhether or not a responsive pleading has been filed, a complaint or a counterclaim may be withdrawn at any time prior to the close of the proofs before the Tax Court and thereafter with leave of Court.”
“The Tax Court has interpreted [R. 8:3-9] in accordance with its express language.” Throckmorton v. Township of Egg Harbor, 12 N.J.Tax 419, 424-25 (1992), rev’d on other grounds, 267 N.J.Super. 14, 630 A.2d 794 (App.Div.1993) (quotations omitted). “The express language of R. 8:3-9 was adopted to effectuate the decision by any party to withdraw an appeal at any time prior to the close of the proofs.” Cherry Hill Tp. v. U.S. Life Ins. Co. of New York, 176 N.J.Super. 254, 1 N.J.Tax 236, 243, 422 A.2d 810 (1980) (quotations omitted). The comment to the rule further provides that the rule “represents a philosophical determination that a party initiating a claim should be at liberty at any time to withdraw it, particularly since most plaintiffs are taxpayers.” *237 Pressler, Current N.J. Court Rules, comment R. 8:3-9 (2004). Given the express language of and the purpose behind the rule, along with the fact that Randolph has cited no cases supporting its position, the court is satisfied that Trebour’s withdrawal of the count pertaining to 886 Route 10 was appropriate and consistent with R. 8:3-9.
Conclusion
For all of the foregoing reasons, Randolph’s motion to dismiss is therefore denied.

 For the 2009 tax year, Randolph assessed 906 Route 10 at $4,236,300 and 886 Route 10 at $350,000. Trebour's withdraw of 886 Route 10 does not effect this court's jurisdiction over the matter.

 The terms are not defined in N.J.S.A. 1:1-2.

 The Legislature has expanded the definition of "he" "to include and apply to several persons or parties as well as to 1 person or party and to females as well as males, and to bodies corporate as well as individuals, and to several matters and things as well as 1 matter or thing." N.J.S.A. 1:1-2.

 The court need not address here the nature of tax foreclosure proceedings (i.e. in rem vs. in persona proceedings) alluded to by counsel in their briefs and/or arguments as it is merely a collateral issue which is not determinative.

 Randolph represented that the burden of ensuring that N.J.S.A. 54:3-27 was satisfied would be on the municipalities, and not the taxpayers. Ensuring compliance with the statute, however, may prove to be a cumbersome if not improbable task, particularly in municipalities where a single taxpayer may own *236 numerous properties outright, or as a partner or subsidiary in any number of multiple entities.

 For example, while not presently at issue, the court observes that the phrase "taxing district” may be open to varying interpretations. See N.J.S.A. 1:1-2 (defining "taxing district" to include “every political division of the State, less than a county, whose inhabitants, governing body or officers have the power to levy taxes, assessments or rates”).