BIANCO, J.T.C.
This is the court’s determination regarding defendant’s motion for summary judgment seeking a dismissal of the complaint, and plaintiffs cross-motion for summary judgment seeking a refund of litter control taxes paid pursuant to the Clean Communities and Recycling Act (N.J.S.A. 13:lE-92 et seq.)[1] (hereinafter “the Act”).
Plaintiff is a Pennsylvania wholesale food distributor that sells and distributes food products in New Jersey. Plaintiffs food products include salad dressing, barbeque sauce, muffin, cake, and brownie mixes, shortening, ice cream, flour, beans, chili, salsa, cereal, and pasta. Most of the plaintiffs food products are sold in “large institutional type” disposable packages and containers. Plaintiff contends that a substantial portion of the food products it sells in New Jersey are sold to nursing homes, hospitals, and food service divisions of academic institutions such as New Jersey colleges. Plaintiff asserts that the food is prepared at such facilities, consumed on premises by residents or invitees of those facilities, and is not intended for resale.
*204 Defendant, Director, Division of Taxation, conducted an audit of plaintiff in December 1999. The audit resulted in a litter control tax assessment under the Act, on plaintiffs New Jersey sales to non-wholesalers for the years 1992 through 1998. The assessment was $7,975.00, which was paid by plaintiff before it filed an administrative appeal with defendant, seeking a refund. Plaintiffs administrative appeal and request for refund was denied by Final Determination Letter dated July 16, 2001. Plaintiff then filed an appeal with the Tax Court.
Defendant has moved for summary judgment seeking dismissal of the complaint on the grounds that the food products sold by plaintiff in New Jersey fall within the statutory definition of litter-generating products under the Act, and, therefore, the litter control tax was properly assessed and imposed. Accordingly, defendant argues that no genuine issue as to any material fact exists.
Plaintiff has filed a cross-motion for summary judgment seeking a refund of its tax payment pursuant to the Act, alleging that the food products it sells in New Jersey are exempt from the litter control tax since (1) the litter control tax is not intended to tax the type of packages and containers used to distribute institutional foods, and (2) sales of food products that are prepared for on-premises consumption are not subject to the Act.
The Act at N.J.S.A, 13:lE-99.1a provides in pertinent part:
There is levied upon each person engaged in business in the State as a manufacturer, wholesaler, or distributor of litter-generating products a tax of 3/100 of 1% (.0003) on sales of those products within the State, and each person engaged in business in the State as a retailer of litter-generating products a tax of 2.25/1000 of 1% (.000225) on sales of those products within the State, except any retailer with less than $250,000.00 in annual sales of litter-generating products is exempt from this tax. A sale by a wholesaler or distributor to another wholesaler or distributor, a sale by a company to another company wholly owned by the same individuals or companies, or a sale by a wholesaler or distributor owned cooperatively by retailers to those retailers is not subject to tax under this act. For purposes of this act, “retailer" includes restaurants one of the principal activities of which consists of selling for consumption off the premises of the restaurant a meal or food prepared and ready to be eaten. (Emphasis added.)
“The litter control tax is an excise tax on the privilege of engaging in business in New Jersey as a manufacturer, wholesal *205 er, distributor or retailer of litter-generating products measured by the gross receipts from sales of such products within or into New Jersey.” United Jersey Bank v. Director, Div. of Taxation, 12 N.J.Tax 516, 519-20 (Tax 1992); Royal Food Distributors, Inc. v. Director, Div. of Taxation, 15 N.J.Tax 60, 63 (Tax 1995). The Act at N.J.S.A. 13:lE-94e defines litter-generating products as:
[gloods which are produced, distributed, or purchased in disposable containers, packages or wrappings; or which are not usually sold in packages, containers, or wrappings but which are commonly discarded in public places; or which are of an unsightly or unsanitary nature, commonly thrown, dropped, discarded, placed, or deposited by a person on public property, or on private property not owned by Mm.
Furthermore, the Act at N.J.S.A. 13:lE-94e(5) specifically lists “food for human or pet consumption” as one of the specific items subject to the tax.[2]
[3]The New Jersey Administrative Code also provides that “all the products specifically listed in N.J.S.A. 13:lE-94e are presumed to satisfy at least one of the conditions and qualify as a litter-generating product.” N.J.A.C. 18:38-8.1(b).
Plaintiff argues that although its food products are sold and distributed in disposable containers, packages, or wrappings? since they sold in “large institutional type containers,” they are not the kind of products that are commonly discarded in public places. Plaintiff contends that the Legislature did not intend these items to be included as litter-generating products as defined by the Act since they are not the type of products “that would ... be found on public highways.” The court rejects plaintiffs argument.
In determining the meaning of a statute, the courts have held that it is first necessary to consider the statutory language. “When a statute is clear on its face, a court need not look beyond the statutory terms to determine the legislative intent” United Jersey Bank, supra., 12 N.J. Tax at 523, citing State v. Churchdale Leasing, Inc., 115 N.J. 83, 101, 557 A.2d 277 (1989). See also *206 Royal Food Distributors, Inc., supra, 15 N.J.Tax at 69. Furthermore, “[a] court’s function is to, ‘enforce the legislative will as expressed by the clear language of the statute, not to presume the Legislature intended something other than what is expressed by its plain language.’ ” United Jersey Bank, supra 12 N.J. Tax at 524, citing In re Howell Tp., Monmouth County, 254 N.J.Super. 411, 419, 603 A.2d 959 (App.Div.1991). See also Royal Food Distributors, Inc., supra 15 N.J.Tax at 69.
Pursuant to the cited case law, it is first necessary to look at the plain language of the Act to determine the intent of the Legislature as to what constitutes litter-generating products. The Tax Court found in United Jersey Bank that N.J.S.A. 13:lE-94e establishes three tests for determining whether any one of the fifteen items enumerated in the statute (see also N.J.A.C. 18:38-3.1) will qualify as a litter-generating product:
goods which are produced, distributed, or purchased in disposable containers, packages or -«Tappings; or [2] [goods] which are not usually sold in packages, containers, or wrappings but which are commonly discarded in public places; or [3] [goods] which are of an unsightly or unsanitary nature, commonly thrown, dropped, discarded, placed, or deposited by a person on public property, or on private property not owned by him.
[United Jersey Bank, supra, 12 N.J.Tax at 525.]
The Tax Court further found that the three tests under that statute should be read in the disjunctive, meaning that only one of the tests had to be satisfied for the “goods” to be considered litter-generating products. Id. at 526. Since the products sold by plaintiff clearly satisfy the first test as goods which are produced, distributed, or purchased in disposable containers, packages or wrappings, they qualify as litter-generating products within the meaning of the Act, even if they are not commonly discarded in public places under the second test.
This court finds no evidence of legislative intent within the plain language of N.J.S.A. 13:lE-94e, or elsewhere within the Act, to suggest that “goods” which qualify as litter-generating products under one of the three tests should be exempt from the litter control tax, simply because they may not be the type of products that would ... be found on public highways. “If the *207 legislature had intended to do that (as plaintiff contends) they clearly could have done so.” Frisina v. City of Newark, 15 N.J.Tax 357, 363 (Tax 1995) (citation omitted).
Plaintiff further contends that its food products are sold to institutions for on premises consumption and are, therefore, exempt from the litter control tax. Plaintiff reasons that the institutions to which it sells are akin to restaurants that primarily prepare food for on premises consumption. Plaintiff points to N.J.S.A. 13:lE-99.1a, which provides that a retailer “includes restaurants one of the principal activities of which consists of selling for consumption off the premises of the restaurant a meal or food prepared and ready to be eaten.” N.J.S.A. 13:lE-99.1a (emphasis added). Plaintiff argues that the Act impliedly exempts restaurants that sell food for on premises consumption, and therefore, that implied exemption should be extended to “similarly situated institutions such as nursing homes, hospitals and universities.” Moreover, plaintiff asserts that this implied exemption for food products sold for on premises consumption, suggests that the Legislature did not intend such food products to be considered as litter-generating products.
The court again rejects plaintiffs arguments. In Morris Tp. v. LF Associates, 10 N.J.Tax 240, 248 (Tax 1988), the Tax Court held that,
The general rule in interpreting tax exemptions is that such exemptions are to be strictly construed because an exemption from taxation is a departure from the equitable principle that everyone should bear his just and equal share of the public tax burden. Taxation is the rule, and exemption is the exception to the rule.
Furthermore, assuming arguendo that the Legislature intended in the Act to exempt restaurants and similarly situated institutions, that sell food for on premises consumption, there is no basis to further extend that exemption to the wholesaler or dist'ributor (like plaintiff) who supplies those institutions. As the court observed earlier, “[i]f the legislature had intended to do [what the plaintiff suggests] they clearly could have done so.” Frisina v. City of Newark, supra, 15 N.J.Tax at 363. The tax on sales of litter-generating products sold in the state of New Jersey is “levied upon each person engaged in business in the State as a *208 manufacturer, wholesaler, or distributor of litter generating products ..., and each person engaged in business in the State as a retailer of litter generating products.” N.J.S.A. 13:lE-99.1a (emphasis added). Therefore, even if a retailer is exempt, it doesn’t mean that its wholesaler or distributor is also exempt.
There are three exemptions to the litter control tax provided to a wholesaler or distributor under N.J.S.A. 13:lE-99.1a:
a sale by a wholesaler or distributor to another wholesaler or distributor; or [2] a sale by a company to another company owned wholly by the same individuals or companies; or [3] a sale by a wholesaler or distributor owned cooperatively by retailers to those retailers. N.J.S.A. 13:lE-99.1a.
Plaintiff is a wholesale food distributor who sells products in New Jersey to various institutions including nursing homes, hospitals and universities. The facts indicate that none of plaintiffs sales are to other wholesalers or distributors; none of the institutions to which plaintiff sells is wholly owned by plaintiff, nor is plaintiff wholly owned by any of those institutions.
It is, therefore, not necessary for this court to decide whether or not there is an exemption, implied or otherwise, for retailers that sell food for on premises consumption, or whether such exemption would extend to similarly situated hospitals, nursing homes, or universities. Under the clear language of N.J.S.A. 13:lE-99.1a, plaintiffs New Jersey sales do not fit into any of the three exemptions for a wholesaler or distributor. “Where, as here, ‘the statute is clear and unambiguous on its face and admits of only one interpretation, we need delve no deeper than the act’s literal terms to divine the Legislature’s intent.’ ” Ocean Pines, Ltd. v. Pt. Pleasant Bor., 112 N.J. 1, 7, 547 A.2d 691 (1988), citing State v. Butler, 89 N.J. 220, 226, 445 A.2d 399 (1982).
Accordingly, since the court finds that there is no applicable exemption for plaintiff under the Act, implied or otherwise, plaintiffs assertion that food products sold for on premises consumption do not constitute litter-generating products, based on the applicability of some implied exemption, is wholly without merit.
When deciding a motion for summary judgment under R. 4:46— 2, the court must determine whether a genuine issue as to any *209 material fact exists. To do this, it must be determined “whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party in consideration of the applicable evidentiary standard, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party.” Brill v. Guardian Life Ins. of Am., 142 N.J. 520, 540, 666 A.2d 146 (1995).
Pursuant to the above analysis, the court has determined that the food products sold by plaintiff clearly constitute litter-generating products within the plain language the Act and, having found no applicable exemption, implied or express, are therefore subject to the litter control tax. Accordingly, the court finds that there are “no genuine issues as to any material fact challenged.” Id. at 523, 666 A.2d 146.
For the reasons set forth above, defendant’s motion for summary judgment is granted and the complaint is hereby dismissed. On the cross-motion, since the court has found in defendant’s favor, plaintiffs application for summary judgment must be denied.

The tax on sale of litter-generating products under N.J.S.A 13:1E-99.1 expired on December 31, 2000. "However, this expiration does not affect any obligation ... to pay taxes which may be due ... by virtue of any assessment, which may be made with respect to taxes levied for any taxable year ... prior to January 1, 2001." N.J.S.A. 13:lE~99.1a (emphasis added). N.J.S.A. 13:1E-99.1 was also amended by L.1995, c. 301, § 1, however, this amendment has no effect on the pending matter before the court. Bills have been introduced in both the Senate and Assembly to “extend” the tax on litter generating products, providing for retroactive application back to December 30, 2000. The Senate version will expire on December 31, 2005; the Assembly version seeks to make the tax permanent. See S-862 and A-2069 and amendments thereto.

 Plaintiff concedes the fact that, "its products meet the definition of food products for human consumption."

 “[P]laintiff concedes that many of its products are sold in disposable containers and packages."