KUSKIN, J.T.C.
Plaintiffs General Ceramics, Inc. and National Beryllia Corp. have moved for entry of an order requiring defendant Borough of Wanaque to remit to them the $12,193.20 balance of a tax appeal refund for tax years 1999 and 2000, plus statutory interest. In a letter opinion dated October 8, 2003, I denied plaintiffs’ motion. This opinion amplifies and refines my letter opinion.
General Ceramics Inc. and National Beryllia Corp. are different names for the same entity, and they are hereinafter referred to together as “GC.” During 1999 and most of 2000, GC was the owner of property designated on defendant’s Tax Map as Lots 15 and 16 in Block 448, and appealed the tax assessments on the property for those years. In September or October of 2000, GC conveyed the property to Haskell Properties, LLC (Haskell), which filed property tax appeals for tax years 2001 and 2002. McCarter & English, as attorneys for GC and Haskell, negotiated a settlement of all four years under appeal, and the Tax Court entered judgments reflecting the settlement. Each judgment reduced the assessment on the subject property, resulting in tax savings to GC and Haskell. The savings allocable to GC for the time it was the owner of the property were in the sum of $58,302.49.
*135 On or about July 3, 2003, McCarter & English received a refund check from defendant in the sum of $46,109.29. This lesser amount was paid to GC because defendant’s tax collector had credited against delinquent taxes arising during Haskell’s ownership of the subject property the entire refund allocable to Haskell and also $12,193.20, which represented the balance of the refund otherwise due to GC. On the same date, McCarter & English, in its capacity as counsel for GC, wrote a letter to the tax collector requesting payment of the refund balance amount of $12,193.20, asserting that GC “cannot be responsible for arrearages which pertain to later years and a different owner.”
GC argues that, under the applicable statute, N.J.S.A. 54:4-134, a municipality may not set off a refund due to one taxpayer against delinquencies incurred by a subsequent owner for tax years following the years for which the refund is due. Accordingly, GC contends that, since there were no delinquencies for 1999 and 2000, defendant may not apply refund monies due to GC against delinquencies resulting from Haskell’s nonpayment of taxes for later years. N.J.S.A. 54:4-134 provides in relevant part as follows:
Whenever the owner of real property shall be entitled, pursuant to a ... judgment of the tax court, to a refund of all or any portion of the property taxes paid against the property in any given year, and any property taxes, water or sewer payments, or parking or payroll taxes imposed or to be collected by the municipality against that property or the owner or owners of that property are delinquent at the time of the ... judgment, the governing body of the municipality constituting the taxing district in which the property is located may apply the refund, or such portion thereof as may be necessary, including accrued interest, against the delinquency.
If the total amount of the refund is equal to or exceeds the total amount of the delinquency, the lien against the property for unpaid taxes shall be extinguished, and the balance, if any, remaining after the application of the refund against the delinquency, shall be forwarded to the owner not later than 60 days after the date of the ... tax court judgment____If the total amount of the delinquency exceeds the total amount of the refund, the balance of the delinquency remaining shall remain a lien against the property.
This statute was enacted in 1983, as L. 1983, c. 137, § 2, and amended by L. 1987, c. 100, § 1. In its original version, the statute referred only to property tax refunds and delinquencies. The 1987 amendment added a reference to delinquencies in “water or *136 sewer payments, or parking or payroll taxes” due from “the owner or owners of [the] property.”
Property taxes are an obligation of the property and not a personal debt of the property owner. See, e.g., Freehold Office Park, Ltd. v. Freehold Tp., 12 N.J.Tax 433, 440 (1992); Garden State Racing Ass’n. v. Cherry Hill Tp., 1 N.J.Tax 569, 573 (1980). Water and sewer charges also are liens against the property. See N.J.S.A. 40A:31-12 (as to water charges) and N.J.S.A. 40A:26A-12 (as to sewer charges). Parking and payroll taxes, however, are personal obligations of the property owner, N.J.S.A. 40:48C-7b (as to parking taxes); N.J.S.A. 40:48C-35 (as to payroll taxes), and, therefore, the phrase “owner or owners,” included in the 1987 amendment to N.J.S.A. 54:4-134 appears to relate specifically to delinquencies in these taxes. The words “or owners” contemplate a change of ownership and allow a municipality to apply, against a refund to which one owner is personally entitled, parking or payroll tax delinquencies for which a previous or subsequent owner is personally liable. A change of ownership is less significant in the property tax context than in the parking or payroll tax context because the property alone is liable for property taxes and a property owner has no personal liability. It follows, therefore, that a municipality’s right to set off property tax refunds against delinquencies should be no less than its rights with respect to parking and payroll tax refunds and delinquencies. Consequently, I conclude that a municipality has the right to set off refunds of property taxes relating to the period during which one owner holds title against delinquencies attributable to a successor owner.
N.J.S.A. 54:4-134, in its original and amended versions, does not contain any requirement for continuity of ownership in order for a municipality to have the right to apply a refund due for earlier years against a delinquency relating to later years. A requirement of ownership continuity is contained in N.J.S.A. 54:4-69.2. This statute permits a taxpayer, in lieu of receiving payment of a property tax refund, to obtain a credit against current and future taxes if no change in ownership has occurred. The specific relevant language of the statute is the following:
*137 If any taxpayer shall have paid taxes upon any assessment of property under the provisions of chapter four of Title 54 of the Revised Statutes and shall, upon appeal, have obtained a judgment ... granting a reduction in such assessment ... such taxpayer may claim and the collector of taxes of the municipality shall allow a credit, in an amount equal to the appropriate refund incident to such reduction of said assessment, against any taxes then due or to become due on such property; provided, such property is at that time assessed against the same owner as it was at the time the appealed assessment was made.
This statute was enacted by L. 1940, c. 229, § 1. Consequently, in enacting (in 1983) and amending (in 1987) N.J.S.A. 54:4-134, the Legislature had available an existing and related example of a statutory requirement of continuity for ownership, but did not incorporate this requirement. The Legislature is presumed to be aware of existing legislation when it enacts a statute, Mahwah Tp. v. Bergen County Board of Taxation, 98 N.J. 268, 269, 486 A.2d 818 (1985), and is therefore presumed to have been aware of the contents of N.J.S.A. 54:4-69.2 when it enacted and amended N.J.S.A. 54:4-134. The Legislature’s failure to include a continuity of ownership provision in N.J.S.A. 54:4-134, and the inclusion of the phrase “owner or owners” discussed above, indicate a Legislative intent that the right of setoff provided by the statute should not be dependent on continuity of ownership.
The provisions of N.J.S.A. 54:3-27 are consistent with my interpretation of N.J.S.A. 54:4-134 because N.J.S.A. 54:3-27 incorporates the concept that a property owner may be responsible for financial obligations relating to the property which arose during ownership by another. Under the statute, a taxpayer appealing a property tax assessment must “pay to the collector of the taxing district no less than the total of all taxes and municipal charges due, up to and including the first quarter of the taxes and municipal charges assessed against him for the current tax year in the manner prescribed in R.S. 54:4-66.” The statute does not limit the taxpayer’s obligations to taxes and municipal charges imposed during the period of the taxpayer’s ownership of the property. Therefore, in order to prosecute an appeal, a property owner could be required to pay property taxes unpaid by a predecessor in title.
For the reasons set forth above, I conclude that the proper reading of N.J.S.A. 54:4-134 is that municipal set off rights apply *138 to any property taxes due at the time a refund is to be paid, and are not limited to setting off delinquencies incurred by a particular owner against refunds due to that owner. Consequently, defendant had the right to deduct from refunds due to GC, for tax years 1999 and 2000, delinquencies occurring thereafter when the property was owned by Haskell.
Based on the preceding analysis, plaintiffs motion to compel defendant to remit payment of an additional refund amount of $12,193.20, plus interest, is denied.