NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-0668-14T2

TREND INVESTMENTS, L.L.C.,

    Plaintiff-Respondent,

and

MIRZA BAIG,

    Plaintiff,

v.

SURJIT ENTERPRISES, L.L.C.,
NIPUL PATEL, AND OHM
PROPERTIES, L.L.C.,

    Defendants-Appellants.

_____

        Argued November 4, 2015 — Decided  December 22, 2015

        Before Judges Hoffman and Whipple.

        On appeal from Superior Court of New Jersey,
        Chancery Division, Camden County, Docket No.
        C-12-13.

        Robert S. Greenberg argued the cause for
        appellant.

        Patrick J. Madden argued the cause for
        respondents (Madden & Madden, P.A.,
        attorneys; Mr. Madden, of counsel and on the
        brief).

PER CURIAM

Defendants Surjit Enterprises, L.L.C., Nipul Patel, and Ohm Properties, L.L.C. (collectively, defendants) appeal from a final order of the Chancery Division granting plaintiff, Trend Investments, specific performance of a contract for the sale of real estate. For the following reasons, we affirm.

## I.

We discern the following facts from the record. Defendants own a strip mall located at 1180-1136 South Blackhorse Pike in Blackwood (the property), which was listed for sale in 2008. The property contains four commercial units and an apartment; defendant Patel leases one of the commercial units as well as the apartment. On October 20, 2012, Mirza Baig (a principal of Trend Investments) visited the property and met with Patel. After reviewing financial information and discussing terms, Patel verbally offered to sell the property to plaintiff, and the offer was accepted. To memorialize their agreement, the parties handwrote and signed a document. The document reads as follows:

> SELLER'S STATEMENT:
> 1130-1136 BLACKHORSE PIKE PROPERTY
> 10/20/2012
>
> Received $250.00 (Two hundred fifty only) as earnest money (advance) to the agreed sale amount of $675,000 (Six hundred seventy five thousand) total of the sale price.

A-0668-14T2

> I will take out the property out [sic] of the market and shall not invite or discuss with any buyer the sale of the property address 1130-1136 Blackhorse Pike, Blackwood NJ 08012.
>
> For all intent and purpose [sic] the property is sold to Trend Investment[s] and would be closed after the contract is signed & closed eventually.

Plaintiff and defendant Patel signed this agreement on October 20, 2012.[1] Baig paid Patel the $250 in earnest money pursuant to the terms of the written agreement.

After the parties signed the written agreement, they further memorialized an agreement for payment of closing costs and attorneys' fees in writing on November 3, 2012. Both parties signed this agreement as well. Plaintiff's attorney prepared a longer, more formalized purchase agreement, but the parties never signed it.

Several weeks after the parties signed the agreement, plaintiff heard that defendant was considering selling the property to another buyer for $800,000. Plaintiff called

_____

[1] At this time, Patel had a 100 percent ownership interest in Surjit, and could thus sign on its behalf. Ohm Enterprises, L.L.C. was created by Patel after a bank advised him that transferring the property from Surjit Enterprises, L.L.C. to another entity would help him obtain a loan. Although Patel asserts that he transferred the property to Ohm Enterprises, L.L.C. for purposes of getting a loan, Patel never offered evidence to that effect.

defendant to discuss the status of the agreement. Defendant told plaintiff that he was cancelling the agreement and planned to sell the property to another buyer.

On January 27, 2013, plaintiff filed a complaint seeking specific performance of its contract. Plaintiff's original complaint listed Surjit Enterprises, L.L.C. which owned the property, as the only defendant. Plaintiff filed a motion to add Patel and Ohm Properties, L.L.C. as defendants on January 24, 2014, following Surjit's transfer of the property to Ohm Properties, L.L.C. In a February 28, 2014 order, the motion judge added Patel and Ohm Properties, L.L.C. (which Patel owns in its entirety) as defendants, although no complaint was ever formally served upon Patel or Ohm Properties.

Immediately before trial, plaintiff renewed its request to add Patel and Ohm Properties, L.L.C. as defendants to the suit. Counsel for defendants asserted that plaintiff failed to file and serve an amended complaint that added the new defendants to the suit after the February 28 order. Defendants asserted that adding them to the proceedings immediately before trial would violate their due process rights. The trial judge noted that both new defendants had notice of the pending action for months, and that because Patel was the personal representative for both

corporate defendants, no defendant would be unfairly surprised by being named as parties to the suit.

After granting plaintiff's motion to join Patel and Ohm Properties, L.L.C. as defendants, a trial was held on August 25, 2014. The trial judge found in favor of plaintiff and granted plaintiff's request for specific performance in an order dated September 26, 2014. This appeal followed.

## II.

Defendants raise the following arguments on appeal:

POINT I:

OHM PROPERTIES, L.L.C. WAS NOT PROPERLY BEFORE THE COURT, AND THEREFORE, THE COURT HAD NO JURISDICTION TO ENTER AN ORDER FOR SPCIFIC PERFORMANCE AGAINST IT.

POINT II:

THE HANDWRITTEN DOCUMENT DATED OCTOBER 20, 2012 WAS PRELIMINARY, MISSING ESSENTIAL TERMS, AND NOT INTENDED TO BE BINDING UNTIL AFTER THE SIGNING OF A FORMAL CONTRACT.

As a threshold matter, the trial judge both found facts and made legal conclusions. When a party alleges error in a judge's findings, as defendants assert here, the scope of appellate review is limited. We will only decide whether the findings made could reasonably have been reached on "sufficient" or "substantial" credible evidence present in the record, considering the proof as a whole. <u>Rova Farms Resort, Inc. v.</u>

Investors Ins. Co. of Am., 65 N.J. 474, 484 (1974).  Meanwhile, this court reviews the construction and interpretation of contracts de novo; because contract construction is a question of law, no deference is owed to the trial court's interpretation of such contracts.  See Kieffer v. Best Buy, 205 N.J. 213, 222-23 (2011) (citations omitted).

Defendants first argue that the suit against them was improperly brought because Patel and Ohm Properties, L.L.C. were never served with a complaint.  They argue that, because a civil action can only be commenced against a party by filing a complaint, and because they received no notice of such a complaint, the trial court had no jurisdiction to enter its order.  We disagree.

A civil action is commenced by filing a complaint with the court.  R. 4:2-2.  Service of a complaint on a defendant is necessary for a court to assert jurisdiction over that defendant.  R. 4:4-4.  These processes are required to comport with the fundamental requirements of due process; however, parties need not formally serve each defendant in a case where the requirements of due process are otherwise met.  See Bussell v. Dewalt Prods. Corp., 259 N.J. Super. 499, 509 (App. Div. 1992), certif. denied, 133 N.J. 431 (1993).  Due process is a "flexible concept that depends on the facts and circumstances of

the matter at hand." State v. Cook, 179 N.J. 533, 559 (2004) (citing N.J. Parole Bd. v. Byrne, 93 N.J. 192, 209 (1983)).

"The critical components of due process are adequate notice, opportunity for a fair hearing and availability of appropriate review." Schneider v. City of East Orange, 196 N.J. Super. 587, 595 (App. Div. 1984), aff'd 103 N.J. 115 (1986), cert. denied, 479 U.S. 824, 104 S. Ct. 97, 93 L. Ed. 2d 48 (1986). A plaintiff thus fulfills notice and process requirements if a defendant knew about the litigation before being added as a defendant, and if said defendant has an opportunity to be fully heard. Bussell, supra, 259 N.J. Super. at 509-10. This is contemplated in our court rules, which allow civil actions to continue when parties transfer their interest in litigation. See R. 4:34-3.

In this case, defendants Patel and Ohm Properties, L.L.C. were apprised of the pending lawsuit against them. The initial complaint was served on Surjit Enterprises, L.L.C. which Patel owned at the time of service. Patel transferred the property to Ohm Properties, L.L.C. after plaintiff began prosecuting the lawsuit, and as Patel was preparing to defend the lawsuit. We are satisfied that all defendants had sufficient notice of the action to prepare for it, an opportunity to be heard at trial,

and an opportunity for meaningful review on appeal. We perceive no prejudice to defendants.

Defendants also assert that plaintiff's failure to file a lis pendens on the property before filing their complaint constitutes a fatal procedural defect, and that we should reverse for this reason. We reject this argument. It is without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Defendants' next argument is that the trial judge erred in finding that the parties had created a binding contract. Defendants argue that the document Patel signed was a preliminary document, and that there was no "meeting of the minds" as to essential contract terms. We disagree.

Courts evaluate two primary factors in determining whether parties created a binding contract: whether there has been a "meeting of the minds," and whether the contract manifests mutual assent of the parties. Newfield Fire Co. No. 1 v. Borough of Newfield, 439 N.J. Super. 202, 214-15 (App. Div. 2015) (citations omitted). Furthermore, the Legislature has identified factors to consider that are unique to contracts for the sale of real estate. Pursuant to N.J.S.A. 25:1-13, the Legislature has provided that:

> An agreement to transfer an interest in real estate or to hold an interest in real estate

> for the benefit of another shall not be enforceable unless:
>
> (1) a description of the real estate sufficient to identify it, the nature of the interest to be transferred, the existence of the agreement, and the identity of the transferor and transferee are established in a writing signed by or on behalf of the party against whom enforcement is sought[.]

The Legislature has also provided that "the focus of inquiry in a situation involving an agreement for the sale of an interest in real estate . . . should be whether an agreement has been made between the parties by which they intend to be bound." Morton v. 4 Orchard Land Tr., 180 N.J. 118, 126 (2004) (internal citation omitted).

Here, the trial judge found the requisite intent between the parties to bind themselves in the words of the document itself. As the trial judge noted, Patel dictated the terms of the agreement and signed it. The agreement explicitly acknowledged that "[f]or all intent and purpose [sic] the property is sold to Trend Investment[s.]" These elements of the contract and the negotiations lead us to conclude that the parties intended to be bound by the terms of the agreement.

Defendants assert that the preliminary nature of the agreement establishes a lack of intent to be bound. However, a signed memorandum, even if preliminary in nature, is sufficient to bind the signatories of the memorandum if such is their

intent.  See, e.g., Comerata v. Chaumont, Inc., 52 N.J. Super. 299, 305 (App. Div. 1958).  Such a memorandum is binding as a contract even if a formalized agreement is forthcoming.  Ibid. As discussed above, even if the handwritten document was preliminary in nature, the parties' intent to be bound is clear given the language used in the agreement and the circumstances of the negotiations.  We thus conclude that the parties had the requisite intent to bind themselves to a real estate contract.

Defendants also argue that the agreement was missing certain essential terms, including future rent to be paid to Trend Investments, L.L.C. closing terms, terms concerning attorneys' fees, and a closing date.  The trial court found that these terms were not essential to the contract, and we agree. "[I]t is not necessary for a writing to contain every possible contractual provision to cover every contingency in order to qualify as a completed binding agreement."  Berg Agency v. Sleepworld-Willingboro Inc., 136 N.J. Super. 369, 377 (App. Div. 1975) (citations omitted).  Rather, "[s]o long as the basic essentials are sufficiently definite, any gaps left by the parties should not frustrate their intent to be bound."  Ibid.

The contract in this case contained all of the "basic essentials" necessary to evince the parties' intent to be bound. The contract identified the parties, identified the property to

be sold, set forth the consideration and payment of earnest money, and was signed by the parties. Accordingly, we disagree with defendants' contention that the contract was missing essential terms and that the contract was thus unenforceable.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0668-14T2